# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>          *Plaintiffs*,<br>   v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>          *Defendants*. | Case No. 25-cv-381-ABJ |

**DECLARATION OF PASTOR EVA STEEGE**

I, Eva Steege, declare as follows:

     1.     I am an 83-year-old retired Pastor of the Evangelical Lutheran Church in America. I have dedicated my life to serving my community through pastoral care, counseling, and spiritual guidance. Due to my advanced chronic obstructive pulmonary disease, and my medical team's understanding that I will not live for longer than six more months, I am currently receiving hospice care at home.

     2.     In the past, I incurred student loans to fulfill my calling by pursuing higher education at the Lutheran Theological Seminary. The burden of these loans has been a source of considerable stress. It is very important to me that my loans be discharged before I die, so that my family is not burdened by this debt.

     3.     I am supposed to be eligible for the Public Service Loan Forgiveness (PSLF) program due to my work as a pastor, which qualifies as public service under the program's

1

guidelines. However, despite my efforts, I have faced significant challenges enrolling successfully in the PSLF program. I have attempted to submit the necessary forms and provide the required documentation multiple times but have encountered issues with miscommunication, conflicting guidance, delays, and errors in processing. These complications have prevented me from receiving the relief promised by PSLF, leaving me still burdened with substantial student loan debt.

3. In early January 2025, at the advice of a former church colleague, I sought help from the Consumer Financial Protection Bureau (CFPB), which has been instrumental in providing guidance and support for individuals in financial distress. I was advised that the CFPB was working on measures to assist individuals like me—particularly those facing financial hardship due to illness, disability, or other life-altering circumstances.

4. I met with employees at CFPB on Friday, January 23, 2025, including the Student Loan Ombudsman, to explain my situation and seek help, which I believed would help ease the financial burden caused by my student loan obligations. During that meeting, the CFPB team asked me questions to understand my situation and helped me submit a request on StudentAid.gov to have prior periods of employment that had been excluded from my qualifying employment properly reflected. If counted, these months of qualifying employment will put me well over the 120 months required for discharge under the PSLF program and could qualify me for a refund of over $15,000 of overpayments. Based on our conversation, which seemed promising, we scheduled a follow-up meeting for Monday, February 10.

5. After the first meeting, I received notice that some of my loans were not eligible for PSLF because they were part of the Federal Family Education Loan (FFEL) Program. The information I received did not make sense to me and made me think that I would never receive PSLF. However, I sent the information to the CFPB team and their response on February 5 made me feel that there was a way forward through loan consolidation that could make it possible for me to still receive PSLF, which gave me hope.

6. On Sunday, February 9, I learned that President Trump had taken steps to shut down or severely limit the operational capacity of the CFPB, including halting its efforts to provide support for student loan relief. I was devastated by this decision, as I had finally found hope in the agency's commitment to serving individuals in dire financial situations like mine.

7. On Monday, February 10, at 8:47 am, CFPB staff emailed me to say that the meeting had to be cancelled "due to new guidance CFPB employees recently received."

8. The cessation of CFPB assistance has directly harmed my ability to manage and seek relief from my student loan debt. The uncertainty surrounding my financial future, coupled with my declining health, has placed me in a position of extreme distress. Without the agency's assistance, I am unable to explore reasonable options for loan forgiveness, forbearance, or any other form of debt relief that would allow me to live my remaining days with dignity and peace of mind.

9. If I do not receive public service loan forgiveness and the large refund that I am owed before my death, my family could be forced to pursue a death discharge that will

not provide them with the refund that they are counting on so that they can use the money for basic needs after I pass.

10. Given the circumstances outlined above, I respectfully request that this Court grant an injunction to resume the operations of CFPB. I am seeking any available remedy that would allow the only source of hope—the CFPB—to help alleviate the financial pressure that I am experiencing, which is exacerbating both my physical and emotional health challenges during my hospice care.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 13, 2025

*Eva Steege*
Eva Steege (Feb 13, 2025 10:06 EST)
Pastor Eva Steege

4