UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL VOUGHT *in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.*, <br><br> Defendants. | Civil Action No. 25-0381 (ABJ) |

## ORDER

In light of the agreement of the parties at the scheduling conference held on today's date, February 14, 2025, and the underlying record, it is hereby ORDERED that until the resolution of plaintiffs' motion for temporary restraining order [Dkt. # 10], which, with the parties' consent, will be deemed to be a motion for preliminary injunction, the following orders shall remain in place:

It is ORDERED that Defendants, including their officers, agents, servants, employees, and attorneys, (hereafter collectively, "Defendants") shall not delete, destroy, remove, or impair any data or other CFPB records covered by the Federal Records Act (hereinafter "agency data") except in accordance with the procedures described in 33 U.S.C. § 44.  This means that defendants shall not delete or remove agency data from any database or information system controlled by, or stored on behalf of, the Consumer Financial Protection Bureau (CFPB), and the term "agency data"

1

includes any data or CFPB records stored on the CFPB's premises, on physical media, on a cloud server, or otherwise.

It is further ORDERED that Defendants shall not terminate any CFPB employee, except for cause related to the specific employee's performance or conduct; nor shall Defendants issue any notice of reduction-in-force to any CFPB employee.

And, it is further ORDERED that Defendants shall not: (i) transfer money from the CFPB's reserve funds, other than to satisfy the ordinary operating obligations of the CFPB; (ii) relinquish control or ownership of the CFPB's reserve funds, nor grant control or ownership of the CFPB's reserve funds to any other entity; (iii) return any money from the CFPB's reserve funds to the Federal Reserve or the Department of Treasury; or (iv) otherwise take steps to reduce the amount of money available to the CFPB below the amount available as of 4:00 pm on February 14, 2025, other than to satisfy the ordinary operating obligations of the CFPB.

Plaintiffs' motion for a temporary restraining order is hereby deemed to be a motion for a preliminary injunction. Defendants must file any opposition to plaintiffs' motion on or before February 24, 2025, and plaintiffs' reply must be filed on or before February 27, 2025.

The Court will hold a hearing on plaintiffs' motion on March 3, 2025 at 10:00 AM

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATED: February 14, 2025