UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et. al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial protection Bureau, *et al.*,<br><br>Defendants. | No. 1:25-cv-00381-ABJ |

**NOTICE REGARDING NEW YORK'S MOTION TO PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE ON BEHALF OF THE STATES FOR PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

1. Earlier this afternoon New York moved pursuant to Local Civil Rule 7(o)(6) to participate at the oral argument scheduled on March 3, 2025 for plaintiffs' motion on behalf of the Amici States (the "Motion"). *See* ECF No. 34. As noted in the Motion, Plaintiffs consent to New York's participation, and counsel for New York had not received Defendants' position on the Motion as of the time of filing. *See id.* at 1. Immediately after completing the filing, counsel for New York received Defendants' position on the Motion. New York offered, and Defendants agreed, that New York would notify the court of this crossing of paths and file Defendants' position in its entirety, as follows:

> "Defendants take no position on *Amicus*'s motion to participate in oral argument but are concerned that a liberal construction of Local Civil Rule 7(o)(6) permitting States or others with generalized interests common to all members of the public to participate routinely as *Amicus* in oral argument in cases against the Federal Government may undermine judicial and party economy. Unlike Supreme Court and Courts of Appeals opinions, district court opinions do not create binding precedent and *Amicus*'s participation is inconsistent with equitable principles requiring the party seeking an injunction to show all required factors and for any injunctive relief to be narrowly tailored to redress the plaintiffs' injuries. *Amicus*'s interests here are more generalized than those at issue in cases where amici have been permitted to participate. *E.g.*, Motion, *Common Cause v. Trump*, No.1:20-cv-02023 (D.D.C. Sept. 21, 2020). If the Court permits *Amicus* participation, it may consider a time limit for *Amicus* to present argument. *See* Minute Order, *Common Cause*

1

(D.D.C. Sept. 22, 2020); Minute Order, *United States v. CVS Health Corp.*, No. 1:18-cv-2340 (D.D.C. June 7, 2019)."

Dated: February 27, 2025  	Respectfully submitted,

      LETITIA JAMES
        Attorney General
          State of New York

    By:  /s/ Christian Reigstad
        CHRISTIAN REIGSTAD
        28 Liberty St.
        New York, NY 10005
        Tel.: (212) 416-8321

        CHRISTOPHER M. D'ANGELO
        *Chief Deputy Attorney General, Econ. Justice*
        ANDREA OSER
         *Deputy Solicitor General*
        KARUNA B. PATEL
        *Senior Counsel, Econ. Justice*
        SARAH L. ROSENBLUTH
         *Assistant Solicitor General*
        CHRISTOPHER L. FILBURN
        *Assistant Attorney General*
        CHRISTIAN REIGSTAD
        *Assistant Attorney General*