IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>Russell VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br>　　　　　　*Defendants*. | Case No. 1:25-cv-00381-ABJ |

**MOTION OF 203 MEMBERS OF CONGRESS FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

　　Pursuant to Local Rule 7(o), 203 Members of Congress respectfully seek this Court's leave to file the attached *amicus curiae* brief in support of Plaintiffs' pending motion, which the Court has "deemed a motion for preliminary injunction." ECF 19. The motion for leave to file this brief should be granted for the following reasons:

　　1. Proposed *amici* are members of Congress who are well-acquainted with the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank), Pub. L. No. 111-203, 124 Stat. 1376, and the regulatory framework it established to protect consumers in the U.S. financial marketplace. They include members who sponsored Dodd-Frank, participated in drafting it, serve or served on committees with jurisdiction over the federal financial regulatory agencies and the banking industry, and currently serve in the leadership or served in the leadership when Dodd-Frank was passed. They are thus familiar with the essential role that the Consumer Financial Protection Bureau (CFPB) plays in Dodd-Frank's framework. Significantly, based on their experiences, *amici* know that Congress created the CFPB as a new agency with consolidated

consumer financial protection authority and gave the Bureau extensive—and in many cases exclusive—mandatory responsibilities and obligations to regulate the very financial institutions that led to the 2008 financial crisis. A full list of proposed *amici* is in the appendix to the brief, which is attached as Exhibit 1.

2. This Court has "broad discretion" to permit participation by third parties as *amicus curiae*. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). The Court has permitted such participation where a third party has "unique information or perspective" that can contribute to the Court's understanding of the matter in question, *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotation marks omitted), and "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).

3. The proposed brief, attached as Exhibit 1, plainly satisfies these standards. Among other things, proposed *amici* are particularly well-positioned to explain the history of the CFPB, including the context in which it was created and the reasoned decision Congress made to consolidate authority in a new agency with a singular mission to protect consumers. Defendants' recent actions toward the CFPB, including implementing sweeping stop-work orders with plans to arbitrarily fire most employees, represent blatant disregard for Congress's role and express directives in clear violation of Dodd-Frank and the Constitution's mandate that the laws be faithfully executed. Proposed *amici* are also able to provide their unique perspective on the significant achievements of the CFPB as well as the regulatory vacuum that would result should Defendants be permitted to dismantle the Bureau. Proposed *amici* thus have a substantial interest in this case.

4. Pursuant to Local Rules 7(m) and 7(o), counsel for *amici* conferred with counsel for the parties in this case. Plaintiffs consent to this motion. Defendants take the following position: "While the Department of Justice normally consents to the timely filing of amicus briefs, due to the late nature of the proposed filing Defendants take no position."

5. Accordingly, the Court should grant this motion for leave to file the proposed *amicus curiae* brief in support of Plaintiffs' motion for a preliminary injunction. A Proposed Order is attached as Exhibit 2.

Date: February 28, 2025

Respectfully submitted,

Douglas R. Jensen*
SHER TREMONTE LLP
90 Broad St., 23d Floor
New York, New York 10004
(202) 202-2600
djensen@shertremonte.com

/s/ *Hannah Kieschnick*
Hannah Kieschnick*
PUBLIC JUSTICE
475 14th St., Ste 610
Oakland, CA
(510) 622-8150
hkieschnick@publicjustice.net

/s/ *Lucia Goin*
Lucia Goin (DC Bar No. 1739389)
Shelby Leighton*
PUBLIC JUSTICE
1620 L St. NW, Ste. 630
Washington, DC 20036
(202) 797-8600
lgoin@publicjustice.net
sleighton@publicjustice.net

* Motion for *pro hac vice* admission forthcoming

*Counsel for Amici Curiae 203 Members of Congress*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of February 2025, I electronically filed the foregoing motion, together with its accompanying proposed *amici curiae* brief and proposed order, using the Court's CM/ECF system, which effected service upon all parties who have entered an appearance.

Date: February 28, 2025                      /s/ *Lucia Goin*
                                                  Lucia Goin