UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et. al.*,<br><br>                Plaintiffs,<br>          v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial protection Bureau, *et al.*,<br><br>                Defendants. | No. 1:25-cv-00381-ABJ |

**THE STATES' SUPPLEMENTAL MEMORANDUM IN RESPONSE
TO THE COURT'S FEBRUARY 27, 2025 ORDER**

The States respectfully submit this supplemental memorandum in response to the Court's February 27, 2025 order, which directed the States to "explain[] the relevance of the complained-of harm to the States, as opposed to the public at large, given that the States are not a party to this action."[1]

The complained-of harm to the States is relevant in two ways. *First*, such harm constitutes a distinctive form of harm to the public at large that warrants separate consideration because of the particular role that States play in our federalist system. That harm thus warrants the Court's consideration for purposes of assessing whether the requirements for a preliminary injunction have been satisfied here. *See League of Women Voters of United States v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (listing preliminary injunction factors); *see also TikTok Inc. v. Trump*, 507 F. Supp. 3d 92, 114 (D.D.C. 2020) (noting that it is appropriate to "consider the impacts of the injunction on nonparties as well") (citing *Pursuing America's Greatness v. Fed. Election Comm.*, 831 F.3d 500, 511 (D.C. Cir. 2016)).

---

[1] Capitalized terms used in this supplemental memorandum have the same meaning as in the States' brief of amici curiae. *See* ECF No. 24.

1

In opposing the motion for the preliminary injunction, defendants claim that the federal government alone speaks for the public. (ECF No. 31 at 38-39.) That position ignores the fundamental tenet that, in our federalist system, States are equal—not subordinate—sovereign entities charged to protect the public interest. After all, "the States possess sovereignty concurrent with that of the Federal Government," and "a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front." *Gregory v. Ashcroft*, 501 U.S. 452, 457-58 (1991).

And as we have explained, the CFPB's abdication of its statutorily mandated functions—including its failure to engage in statutorily mandated supervision and its sudden withdrawal from activities coordinated with the States, including pending litigation matters—has immediately disrupted the States' efforts to protect the States' residents in numerous ways. *See* 12 U.S.C. §§ 5514; 5515 (requiring the CFPB's supervision of very large banks and nonbank entities and requiring coordination with states). We noted, as just one example, *CFPB v. Credit Acceptance Corporation*, No. 23-cv-00038 (S.D.N.Y.), an ongoing litigation in which New York partnered with the CFPB to address a predatory auto lending scheme, where the CFPB abruptly terminated—without any notice to New York—an expert contract that both parties had agreed to rely upon for the litigation. And the CFPB's across-the-board halt of its statutorily mandated supervision work has already had an adverse impact on approximately half a dozen bank examinations that CFPB was conducting jointly with California, some of which had already begun in late 2024 and thus were immediately disrupted when the CFPB's supervision team shut down pursuant to the Acting Director's orders. The abrupt termination of CFPB's role in these joint activities, a role on which the States were justifiably relying, would impair the States' performance of their own consumer protection activities, thereby harming the public interest in the States' activities, and interim relief

is justified to protect the States and thereby prevent that harm. Moreover, if relief is not granted, the States will need to divert resources from other crucial law-enforcement efforts to fill the void created by the CFPB's absence, a consequence that is likewise relevant to this Court's consideration of the public interest. And, most fundamentally, it is the States' residents who must bear the brunt of the harms that defendants are causing. The States have thereby identified a distinctive form of harm to the public interest—impairment of the States' performance of one of their essential functions— that the Court can and should consider here.

*Second*, the complained-of harm that defendants' actions are already causing to the States and their residents is relevant because it amplifies the harms identified by parties to this case, namely the consumer-oriented plaintiffs. The States' consumer-protection activities uniquely situate them to provide information that is directly relevant to the Court's assessment of the irreparable harm that those plaintiffs face.

Dated: February 28, 2025                          Respectfully submitted,

| | |
|---|---|
| MATTHEW J. PLATKIN<br>  Attorney General<br>    State of New Jersey<br>JENNIFER S. SCHIEFELBEIN<br>  *Assistant Attorney General*<br>CHANEL VAN DYKE<br>CLAIRE COREA<br>GRANT RAFFEL<br>  *Deputy Attorneys General*<br>124 Halsey Street, 5th Floor<br>Newark, New Jersey 07101<br><br><br>BRIAN L. SCHWALB<br>  Attorney General<br>    District of Columbia<br>CHARLES SINKS<br>CARA SPENCER<br>PAMELA DISNEY | LETITIA JAMES<br>  Attorney General<br>    State of New York<br><br>By: /s/ Christian Reigstad<br>CHRISTIAN REIGSTAD<br>28 Liberty St.<br>New York, NY 10005<br>Tel.: (212) 416-8321<br><br>CHRISTOPHER M. D'ANGELO<br>  *Chief Deputy Attorney General, Econ. Justice*<br>BARBARA UNDERWOOD<br>  *Solicitor General*<br>ANDREA OSER<br>  *Deputy Solicitor General*<br>KARUNA B. PATEL<br>  *Senior Counsel, Econ. Justice* |

3

HANNAH COLE-CHU
  *Assistant Attorneys General*
400 Sixth Street, NW
Washington, D.C. 20001

SARAH L. ROSENBLUTH
  *Assistant Solicitor General*
CHRISTOPHER L. FILBURN
CHRISTIAN REIGSTAD
  *Assistant Attorneys General*

KRISTIN K. MAYES
  Attorney General
    State of Arizona
2005 N. Central Avenue
Phoenix, Arizona 85004

WILLIAM TONG
  Attorney General
    State of Connecticut
165 Capitol Avenue
Hartford, Connecticut 06106

ROB BONTA
  Attorney General
    State of California
1515 Clay Street
Oakland, California 94612

KATHLEEN JENNINGS
  Attorney General
    State of Delaware
820 N. French Street
Wilmington, Delaware 19801

PHILIP J. WEISER
  Attorney General
    State of Colorado
1300 Broadway, 10th Floor
Denver, Colorado 80203

ANNE E. LOPEZ
  Attorney General
    State of Hawai'i
425 Queen Street
Honolulu, Hawai'i 96813

KWAME RAOUL
  Attorney General
    State of Illinois
115 S. LaSalle Street
Chicago, Illinois 60603

RAÚL TORREZ
  Attorney General
    State of New Mexico
408 Galisteo Street
Santa Fe, New Mexico 87501

AARON M. FREY
  Attorney General
    State of Maine
6 State House Station
Augusta, Maine 04333

JEFF JACKSON
  Attorney General
    State of North Carolina
114 W. Edenton Street
Raleigh, North Carolina 27603

ANTHONY G. BROWN
  Attorney General
    State of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21201

DAN RAYFIELD
  Attorney General
    State of Oregon
1162 Court Street NE
Salem, Oregon 97301

ANDREA JOY CAMPBELL
  Attorney General
    Commonwealth of Massachusetts
1 Ashburton Place

PETER F. NERONHA
  Attorney General
    State of Rhode Island
150 S. Main Street

Boston, Massachusetts 02108

DANA NESSEL
  Attorney General
    State of Michigan
P.O. Box 30212
Lansing, Michigan 48909

KEITH ELLISON
  Attorney General
    State of Minnesota
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, Minnesota 55155

AARON D. FORD
  Attorney General
    State of Nevada
100 N. Carson Street
Carson City, Nevada 89701

Providence, Rhode Island 02903

CHARITY R. CLARK
  Attorney General
    State of Vermont
109 State Street
Montpelier, Vermont 05609

NICHOLAS W. BROWN
  Attorney General
    State of Washington
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104

JOSHUA L. KAUL
  Attorney General
    State of Wisconsin
17 W. Main Street
Madison, Wisconsin 53703