IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br>            *Plaintiffs,* <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.,* <br>            *Defendants.* | Case No. 25-cv-381-ABJ |

**SECOND DECLARATION OF MATTHEW PFAFF**

I, Matthew Pfaff, declare as follows:

1. I am employed at the Consumer Financial Protection Bureau, where I currently serve as the Chief of Staff for the Office of Consumer Response. I have been with the CFPB since October 2013. The purpose of this second declaration is to supplement testimony provided in my first declaration and whistleblower disclosure. ECF 38-7. The following is based on my personal knowledge or information provided to me while performing my duties.

2. I have reviewed the Supplemental Declaration of Adam Martinez. ECM 47-1. Consistent with his first declaration, Mr. Martinez's statements are misleading, inaccurate, or both.

3. Mr. Martinez states that "[o]n February 27, 2025, the CFPB Chief Legal Officer activated work related to compliance with the agency's critical statutory responsibilities in the area of the Office of Consumer Response. Thus, as of February 27, 2025, members of the Escalated Case Management team, for example, are working." ECF 47-1 at ¶ 8. The first sentence is misleading. The second sentence is blatantly false.

4.      None of the activities listed in my original declaration, including responding to escalated issues via the Escalated Case Management Team, are currently happening. ECF 38-7 at ¶¶ 12-26.

5.      This is concerning. Many consumers are not receiving timely responses to their complaints as required by 12 U.S.C. § 5534(a). And for those who face urgent situations—e.g., a person who submits a complaint about losing their home to an imminent foreclosure—there is simply no one at the CFPB to help.

6.      Mr. Martinez suggests that he is guiding colleagues "through navigating the change and seeking clarification where and when its needed." ECF 47-1 at ¶ 4. As I explained in my prior declaration, I drafted a memo that described key statutory work and teams most directly aligned to these statutory obligations. ECF 38-7 at ¶ 10 and Ex. A. Mr. Martinez received that memo more than two weeks ago. *Id.* at ¶ 10. As of the time of Mr. Martinez's Supplemental Declaration, he has not inquired about—or provided guidance on—this statutory work.

7.      Mr. Martinez's non-response is not limited to the consumer complaint function. Indeed, I am aware of several inquiries to Mr. Martinez, requesting authorization to perform statutorily authorized work, which have been ignored. On February 27, Mr. Martinez wrote to certain CFPB executives—who all work outside of Consumer Response—that "statutorily required work and/or work required by law are authorized" and "teams are authorized to continue carrying out these responsibilities." I am aware of at least two CFPB executives who sent requests to Mr. Martinez following that email, seeking to activate staff to perform statutory work. Those requests, however, have been ignored.

***

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed in Washington, DC this 2nd day of March, 2025.

_____
Matthew Pfaff