UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES UNION, *et al.*,

        *Plaintiffs*,

v.

RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,

        *Defendants*.

Case No. 1:25-cv-00381-ABJ

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully notify the Court of the memorandum opinion and order issued in *Mayor and City Council of Baltimore v. Consumer Financial Protection Bureau*, Civ. No. MJM-25-458, 2025 WL 814500 (D. Md. Mar. 14, 2025), denying the *Baltimore* plaintiffs' request to enjoin the CFPB and Russell Vought in his official capacity as Acting Director of CFPB "from taking any steps to defund the Consumer Financial Protection Bureau" pending the resolution of the civil action. Plaintiffs' Motion for a Temporary Restraining Order, *Baltimore*, Civ. No. MJM-25-458, (D. Md. Feb. 12, 2025), ECF No. 8.[1] The *Baltimore* court denied the motion after concluding that the *Baltimore* plaintiffs were not likely to succeed on the merits of their claims because they failed to show final agency action or that their claims are ripe. *Baltimore*, 2025 WL 814500, at *16.

---

[1] Although initially styled as a motion for a temporary restraining order, the parties stipulated to convert the motion to one for a preliminary injunction. *Baltimore*, 2025 WL 814500, at *7. Without leave of court, the *Baltimore* plaintiffs later attached to their reply brief a different proposed injunction. [Proposed] Order Granting Motion for Preliminary Injunction, *Baltimore*, Civ. No. MJM-25-458 (D. Md. Feb. 25, 2025), ECF No. 31.

The *Baltimore* court's memorandum opinion emphasizes foundational separation-of-powers principles. For example, the court emphasized and explained that:

> The distinction between discrete acts, which are reviewable, and programmatic challenges, which are not, is vital to the [Administrative Procedure Act ("APA")]'s conception of the separation of powers. Courts are well-suited to reviewing specific agency decisions, such as rulemakings, orders, or denials. [They] are woefully ill-suited, however, to adjudicate generalized grievances asking [them] to improve an agency's performance or operations. In such a case, courts would be forced either to enter a disfavored 'obey-the-law' injunction . . . or to engage in day-to-day oversight of the executive's administrative practices. Both alternatives are foreclosed by the APA, and rightly so.

*Id*. at *9 n.7 (quoting *City of New York v. U.S. Dep't of Def.*, 913 F.3d 423, 431 (4th Cir. 2019)).

Moreover, consistent with "the general rule against inquiring into the mental processes of administrative decisionmakers," the *Baltimore* court rejected plaintiffs' assertion that they could "challenge a disembodied and unrealized [purported] decision to drain the CFPB of its operating funds and reserves" where "Defendants have made no admission of having rendered a final decision to defund the CFPB to a non-operational level[.]" *Id*. at *11, *11 n.8, *16 (citation omitted).

Dated: March 17, 2025

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-514-4964
Fax: 202-616-8460
Email: liam.c.holland@usdoj.gov

*Attorneys for Defendants*