**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00381-ABJ |

**RESPONSE TO PLAINTIFFS' NOTICES OF
SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this response to Plaintiffs' Notices of Supplemental Authority, ECF Nos. 63, 80. On Thursday, March 13, 2025, the court in *Maryland v. United States Department of Agriculture*, Civil No. JKB-25-0748 (D. Md.), issued a Temporary Restraining Order requiring the Consumer Financial Protection Bureau ("CFPB") to reinstate all probationary employees who were previously employed by the CFPB, or any department or subdivision therein, and whose employment was terminated on or after January 20, 2025. Temporary Restraining Order, *Maryland*, ECF No. 44. The order provides that the CFPB shall reinstate these employees forthwith "and in any event before March 17, 2025, at 1:00 p.m. EDT." *Id.* ¶ 3. Plaintiffs omit that the order separately provides that the CFPB shall not "conduct any future Reductions in Force ('RIFs')—whether formally labeled as such or not—except in compliance with the notice requirements set forth in 5 U.S.C. § 3502, relevant regulations set forth in Title 5, Chapter I of the Code of Federal Regulations, and all other applicable law[.]" *Id.* ¶ 4. On March 17, 2025, in compliance with the order, the CFPB submitted a status report, which included a witness declaration from Adam Martinez, the Acting Chief Human Capital Officer of the CFPB, showing that CFPB probationary employees have been reinstated. That declaration and other relevant

materials are attached to this notice.[1]

Plaintiffs are wrong to argue that duplicative injunctive relief would be appropriate. *See* ECF No. 80 at 3-4. First, courts addressing the issue have determined that another court's injunction encompassing a plaintiff's interests obviate the plaintiff's ability to show that it will suffer an irreparable injury in the absence of a duplicative injunction. *See Faust v. Vilsack*, Case No. 21-C-548, 2021 WL 2806204, at *3 (E.D. Wis. July 6, 2021) (collecting cases). "The mere possibility that the injunction entered in [the other case] could be overturned is not enough to show that Plaintiffs [will] suffer irreparable harm[.]" *Id.*; *see also Bongiovanni v. Austin*, Case No. 3:22-cv-236, 2022 WL 1642158, at *10 (M.D. Fla. May 24, 2022) (similar).

Duplicative injunctions are incompatible with other equitable principles as well. "[A]n injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (citation omitted). "Consequently, the effect of issuing a duplicative federal injunction would be to increase [the CFPB's] burden of compliance without any additional benefit to [Plaintiffs] or the public at large." *Clark v. Int'l Union, United Mine Workers of Am.*, 722 F. Supp. 250, 253 (W.D. Va. 1989). Traditional equitable principles thus foreclose duplicative injunctions because injunctions must "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr.*, 512 U.S. 753, 765 (1994) (citation omitted).

Moreover, Plaintiffs cannot invoke the voluntary cessation doctrine to circumvent their inability to make a showing on all four *Winter* factors. *See* ECF No. 63. Putting aside threshold issues with that doctrine as applied here generally—Defendants never adopted the policy that Plaintiffs ascribe to it, did not change any policy in response to litigation, and the D.C. Circuit has "'serious doubts' about whether the 'voluntary cessation' rationale applie[s]'" at all in cases

---

[1] On March 21, 2025, the Fourth Circuit denied the Government's emergency motion for a stay pending appeal. Order, *Maryland v. U.S. Dep't of Agric.*, No. 25-1248 (4th Cir. Mar. 21, 2025), ECF No. 20.

involving the Executive Branch, *Alaska v. USDA*, 17 F.4th 1224, 1227 (D.C. Cir. 2021)[2]—that doctrine does not absolve a plaintiff from making a clear showing on all four *Winter* factors justifying an injunction. Indeed, in *United States v. W.T. Grant Company*, 345 U.S. 629 (1953)—the foundational voluntary cessation case—the Court held that a private defendant's voluntary cessation of his allegedly illegal conduct did not render the case moot. But the Court still found that the district court correctly denied extraordinary injunctive relief because the plaintiff failed to make the requisite showing. *Id*. at 633-35. And injunctions that "inject[] the judge into day-to-day agency management" are never appropriate. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 66-67 (2004).

Dated: March 24, 2025

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-514-4964
Fax: 202-616-8460
Email: liam.c.holland@usdoj.gov

*Attorneys for Defendants*

---

[2] Indeed, "agencies' ability to moot challenges to [agency action], . . . is in fact . . . fundamental to judicial economy[.]" *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 114 (D.C. Cir. 2016).