# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE OF MARYLAND,** *et al.,* | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-25-0748 |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** *et al.,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## TEMPORARY RESTRAINING ORDER

For the reasons stated in the foregoing Memorandum, it is ORDERED as follows:

1. Plaintiffs' Motion for Temporary Restraining Order (ECF No. 4) is GRANTED with respect to the Restrained Defendants (as defined below). The Restrained Defendants are RESTRAINED pursuant to the terms of this Order throughout the United States.

2. All purported terminations of Affected Probationary Employees (as defined below) on or after January 20, 2025, by the Restrained Defendants and/or any parties working, directly or indirectly, in concert with the Restrained Defendants, are STAYED throughout the United States.

3. To alleviate the burdens on the States conducting their mandated rapid-response activities, the Restrained Defendants SHALL REINSTATE all Affected Probationary Employees throughout the United States FORTHWITH, and in any event before March 17, 2025, at 1:00 p.m. EDT.

4. The Restrained Defendants SHALL NOT, throughout the United States, conduct any future Reductions in Force ("RIFs")—whether formally labeled as such or not—except in

compliance with the notice requirements set forth in 5 U.S.C. § 3502, relevant regulations set forth in Title 5, Chapter I of the Code of Federal Regulations, and all other applicable law, in order to ensure that Plaintiff States receive adequate notice, as required by law, in order to conduct their mandated rapid-response activities.[1]

5. On or before Monday, March 17, 2025, at 1:00 p.m. EDT, the Restrained Defendants SHALL FILE on the Court's electronic docket a Status Report documenting the actions that they have taken to comply with this Order. Such Status Report shall set forth the number of Affected Probationary Employees reinstated at each Defendant agency, broken down by subagency, department, and/or other subdivision, to the greatest degree of granularity practicable.

6. The Court anticipates requiring further Status Reports, which may require the Restrained Defendants to provide further detail as to their compliance activities. The Court may also enter further orders as necessary to ensure compliance with this Order.

7. Any motion for extension of this Order is due on or before Friday, March 21, 2025, at 4:00 p.m. EDT, and any hearing on a motion for a Preliminary Injunction will occur on Wednesday, March 26, 2025, at 9:30 a.m. EDT in Courtroom 5A, United States Courthouse, 101 W. Lombard St., Baltimore, Maryland.

8. Pursuant to Rule 65(c), each individual Plaintiff State and the District of Columbia SHALL POST A BOND of $100, for a total of $2,000, with the Clerk of the Court FORTHWITH.

9. Unless the Court orders otherwise, this Order SHALL EXPIRE on Thursday, March 27, 2025, at 8:00 p.m. EDT.

---

[1] Nothing in this Order prohibits the Government from conducting lawful terminations of probationary federal employees—whether pursuant to a proper RIF or else for cause, on the basis of good-faith, individualized determinations, under the standards for making such determinations set forth in the foregoing Memorandum, and not as part of a mass termination.

10. For the purposes of this Order, the following definitions apply:

   a. Reinstatement means restoration to employment, whether actually on duty or on leave, including administrative leave.

   b. Restrained Defendants means the following agencies, and the respective agency heads sued in their official capacities:[2]

      i. United States Department of Agriculture;

      ii. United States Department of Commerce;

      iii. United States Department of Education;

      iv. United States Department of Energy;

      v. United States Department of Health and Human Services;

      vi. United States Department of Homeland Security;

      vii. United States Department of Housing and Urban Development;

      viii. United States Department of Interior;

      ix. United States Department of Labor;

      x. United States Department of Transportation;

      xi. United States Department of Treasury;

      xii. United States Department of Veterans Affairs;

      xiii. Consumer Financial Protection Bureau;

      xiv. Environmental Protection Agency;

      xv. Federal Deposit Insurance Corporation;

      xvi. General Services Administration;

---

[2] This definition includes all Defendants named in the Complaint, with the exception of: (1) the National Archives and Records Administration and Marco Rubio in his official capacity as Archivist; (2) the Office of Personnel Management and Charles Ezell in his official capacity as its Acting Director; and (3) the Department of Defense and Pete Hegseth in his official capacity as Secretary of the Department of Defense.

3

    xvii. Small Business Administration; and

    xviii. United States Agency for International Development.

c. Affected Probationary Employees means all federal probationary employees who were previously employed by any of the Restrained Defendant agencies, or any department or other subdivision therein, and who were purportedly terminated on or after January 20, 2025. The definition excludes any such employees who (1) were actually terminated on the basis of a good-faith, individualized determination of cause, under the standards for making such a determination set forth in the foregoing Memorandum, and who (2) were not otherwise terminated as part of a mass termination.

DATED this **13** day of March, 2025, at **8:15 P.M**.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge