# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Maryland, et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States Department of Agriculture, et al., <br><br> Defendants. | Case No. 1:25-cv-00748-JKB |

## DECLARATION OF ADAM MARTINEZ

Pursuant to 28 U.S.C. § 1746, I, Adam Martinez declare as follows:

1. I am the Acting Chief Human Capital Officer of the Consumer Financial Protection Bureau ("Bureau") headquartered in Washington, D.C. I make this Declaration based on my own personal knowledge, on information contained in the records of the CFPB, or on information provided to me by CFPB employees.

2. I have served in this position since approximately, Monday, October 21, 2024. In my role at the CFPB, I am responsible for personnel management. I have the responsibility for overseeing the personnel enterprise and tracking and recording of personnel actions, including terminations. I assist in ensuring that all personnel actions comply with federal law, including those related to probationary employees.

3. Probationary employees in the competitive service are employees who have been employed for less than one year. In the excepted service, the trial period may be up to two years.

4. The probationary period is part of the hiring process, and probationary employees have limited protections against termination. The probationary period is essentially an extended tryout to determine the fitness of the employee and, according to regulation, an agency "shall terminate his or her services during this period if the employee fails to demonstrate fully his or her qualifications for continued employment."

5. On January 20, 2025, the CFPB received a guidance memorandum from the Office of Personnel Management ("OPM"), which stated that "agencies should identify all employees on probationary periods" and "should promptly determine whether those employees should be retained at the agency."

6. The CFPB terminated 117 probationary employees between February 11, 2025, and February 13, 2025.

7. I have been provided and have reviewed the temporary restraining order (TRO) issued in this case on March 13, 2025, requiring the Consumer Financial Protection Bureau to reinstate all Affected Probationary Employees, as defined in paragraph 10(c) of the TRO, who were terminated on or after January 20, 2025,

8. Whether required by operation of the TRO here or another court or administrative order, reinstatement of removed employees to full duty status will impose substantial burdens on the CFPB, cause significant confusion, and cause turmoil for the terminated employees. Specifically, all employees offered reinstatement into full duty status will have to be onboarded again, including the possibility of completing any applicable training, filling out human resources paperwork, obtaining new security badges, reinstituting applicable security clearance actions, receiving government furnished equipment, and other requisite administrative actions, such as

auditing personnel requests to ensure any actions that would have otherwise been taken during their period of separation are completed.

9. Additionally, an appellate ruling could reverse the district court's order shortly after terminated employees have been reinstated (via administrative leave or otherwise) or have returned to full duty status. In short, employees could be subjected to multiple changes in their employment status in a matter of weeks.

10. Nonetheless, the CFPB has immediately begun reinstating Affected Probationary Employees. By 3:30 pm on March 16, 2025, the CFPB reinstated 117 Affected Probationary Employees. While CFPB has notified all Affected Probationary Employees that they have been reinstated, to the extent CFPB needs to complete additional administrative processes related to the reinstatement of these employees, CFPB is acting diligently to complete such processes.

11. All reinstated employees will be immediately placed on administrative leave status while the CFPB continues to act to comply with the TRO and/or employees are to be assigned work by management/supervisors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2025

ADAM MARTINEZ
Digitally signed by ADAM MARTINEZ
Date: 2025.03.17 17:17:22 -04'00'

Adam Martinez