IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-381-ABJ |

**SUGGESTION OF DEATH OF PASTOR EVA STEEGE,**
**MOTION FOR SUBSTITUTION OF TED STEEGE,**
**AND JOINDER IN MOTION FOR A PRELIMINARY INJUNCTION**

We write to inform the Court of the death of Pastor Eva Steege, one of the plaintiffs in this action. Pastor Steege's husband, Ted Steege—on his own behalf and on behalf of her estate—respectfully requests to be substituted as a plaintiff under Federal Rule of Civil Procedure 25(a)(1). Ted Steege has authorized the undersigned counsel to represent him in this matter, to file this motion for substitution, and to join in the pending motion for a preliminary injunction.

At the time this case was filed, Eva was in hospice care with a terminal illness and had been actively working with the Student Loan Ombudsman of the Consumer Financial Protection Bureau to fulfill her dying wish: to secure a public-service discharge of her student loans before her death and thereby avoid financially burdening her surviving family. First Amended Complaint ¶¶ 17, 66, 67; Eva Steege Decl. (ECF 14-2) ¶¶ 1–4. But that important and time-sensitive work was immediately halted by Acting Director Vought's work-stoppage order of February 10 and his decision to summarily terminate the Student Loan Ombudsman, along with all other term employees of the Bureau, three days later. Eva Steege Decl. ¶¶ 6-8; *see* Barnard Decl. (ECF 38-

10) ¶¶ 2–3, 12, 14. Eva died on Saturday, March 15, 2025. Ted Steege Decl. ¶ 1 (attached). The thing that she feared has thus come to pass: She died without securing the discharge of her student-loan debt. The plan to shutter the CFPB has thus permanently deprived Eva of the "timely assistance" that the CFPB was required to provide. *See* 12 U.S.C. 5535(c)(2) (requiring the Student Loan Ombudsman to "provid[e] assistance to and serv[e] borrowers seeking to resolve complaints related to their … Federal student loans"). There is no way to undo that harm now.

But Eva's death does not moot her family's need for timely assistance with her student debt, does not eliminate the risk of ongoing to irreparable harm to her family, and does not extinguish her claims in this case. Her husband, Ted, as the person responsible for administering his wife's estate, needs help from the CFPB. Ted Steege Decl. ¶¶ 2–4. As former Student Loan Ombudsman Julia Barnard explains in an attached declaration, until it was shut down, her office often assisted surviving relatives after the death of student loan borrowers because "many families have trouble sorting through the required paperwork after a borrowers' death, experience long delays waiting for assistance, or have the documentation they submit ignored or rejected." Second Barnard Decl. ¶ 3. If her office were live and operational, Ms. Barnard (or someone in her role) "would be able to meet with [Mr. Steege] to help him talk through his remaining options and fill out any remaining paperwork" and would be able to meet with others to "check on the status of Pastor Eva Steege's outstanding Public Service Loan Forgiveness application, explore the family's options, and escalate the case if necessary." *Id.* ¶ 4. But the defendants' unlawful attempt to shutter the agency is still actively preventing that assistance from taking place, in violation of the Constitution and the APA. The D.C. Circuit has held that federal claims like these—based on constituents' ongoing inability to receive informational services from a federal agency—survive death under Rule 25(a)(1). *Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 514 (D.C. Cir. 1999).

Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Ordinarily, this is accomplished in two steps—first, with a suggestion of death and, later, with a motion to substitute—filed "within 90 days of the statement noting the death," *id.*—after legal formalities for an opening an estate have been completed. Because of the need for prompt relief in this case, Ted Steege is immediately taking both steps together. He is already the de facto executor of Eva's estate. Ted Steege Decl. ¶ 5. But Eva's funeral was held yesterday (May 24), and Ted has understandably not yet had time to work with counsel to formally open an estate for his late wife in the state of their domicile (Maryland). *Id.* ¶ 1. Because the rule permits substitution of "the decedent's successor," the D.C. Circuit has held that "a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate." *Sinito*, 176 F.3d at 516. Requiring a party to first "institut[e] machinery" in probate court, the Circuit has further held, would contravene the liberal purposes of the rule. *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969). That is especially so here, where a spouse's role as the "decedent's successor" is so obvious, and where preliminary injunctive relief is sought.

As required by Local Rule 7(m), we contacted counsel for the defendants earlier today to request their consent to this motion for substitution. The defendants indicated that they need to see the filed motion to determine their position and that they "reserve the right to oppose the motion after [they] have had an opportunity to review it."

## CONCLUSION

The Court should grant Ted Steege's request for substitution under Federal Rule of Civil Procedure 25(a)(1) and permit him to join in the pending motion for a preliminary injunction.

Dated: March 25, 2025

/s/ Deepak Gupta
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (D.C. Bar No. 1046738)
Gabriel Chess (DC Bar No. 90019245)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (*pro hac vice*)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

\* motion for admission pending

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ Wendy Liu
Wendy Liu (DC Bar No. 1600942)
Adam R. Pulver (DC Bar No. 1020475)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff National Treasury Employees Union*