IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-381-ABJ |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

We write to notify the Court of the recent decision in *American Federation of Government Employees v. United States Office of Personnel Management*, No. 25-01780, 2025 WL 900057 (N.D. Cal. Mar. 24, 2025) ("*AFGE*"), attached as Exhibit A. The court in *AFGE* held that it had jurisdiction over labor unions' claims that the Office of Personnel Management had unlawfully directed other agencies to conduct reductions in force, in violation of the separation of powers and the APA. *Id.* at *1. In doing so, the court rejected the government's contention that these claims must be channeled to the Merit Systems Protection Board or the Federal Labor Relations Authority.

As in *AFGE*, the plaintiffs here are not challenging the CFPB's "actions regarding any one employee." *Id.* at *3. They are challenging the defendants' decision to dismantle the Bureau: a "structural constitutional" question that the federal employment agencies are "ill-suited to resolve." *Id.* at *2 (quoting *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 194–95 (2023)). In fact, the case against channeling is even stronger here than in *AFGE*: The *AFGE* lawsuit is a direct

1

challenge to a "personnel policy." [1] *Id.* at *3. And there was no contention that by the time the administrative process was completed, there'd be no agency for employees to be reinstated to. *Contra* Reply Br. 23–24; Mar. 10, 2025 Hr'g Tr. 153 (Mr. Martinez testifying that he expressed this concern). Here, on the other hand, the challenge is to the unlawful closure of an agency Congress created. Although terminations are one part of that unlawful plan, the separation-of-powers claim here is "wholly collateral" to the ordinary employment claims Congress intended the MSPB and FLRA to hear. *AFGE*, 2025 WL 900057, at *2.

                                                  Respectfully submitted,

*/s/ Deepak Gupta*
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (D.C. Bar. 1046738)
Gabriel Chess (D.C. Bar No. 90019245)*
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (pro hac vice)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

Wendy Liu (D.C. Bar No. 1600942)
Allison M. Zieve (D.C. Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

* motion for admission pending

---

[1] This case also does not "turn on the intricacies of RIFs" or involve claims that could be heard by the MSPB or FLRA. *Id.* at *5.

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff National Treasury Employees Union*