UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, | ) ) ) ) ) |  |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) ) | Civil Action No. 25-0381 (ABJ) |
| RUSSELL VOUGHT *in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.*, | ) ) ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**ORDER**

Plaintiffs' Motion for Temporary Restraining Order [Dkt. # 10] was converted with the parties' consent to a Motion for Preliminary Injunction on February 14, 2025. *See* Order [Dkt. # 19]. Upon consideration of the motion, defendants' opposition [Dkt. #31], plaintiffs' reply [Dkt. # 40], the parties' supplemental submissions, the arguments advanced and evidence introduced during the hearings conducted on March 3, 10, and 11, 2025, and the full record in this case, and for the reasons set forth in the accompanying Memorandum Opinion [Dkt. # 87], it is hereby **ORDERED** that the motion is **GRANTED**. In accordance with Fed. R. Civ. Proc. 65(a) and (d)(1) and (2)(A)–(C), defendant Vought and defendant Consumer Financial Protection Bureau ("CFPB") are enjoined as set forth below until further order of this Court. This order shall bind the defendants, their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, such as personnel from the Department of Government Efficiency ("DOGE") or the U.S. Digital Service.

It is hereby **ORDERED** that:

1

1. Defendants, shall maintain and shall not delete, destroy, remove, or impair any data or other CFPB records covered by the Federal Records Act (hereafter "agency data") except in accordance with the procedures described in 44 U.S.C. Chapter 33. This means that Defendants shall maintain and shall not delete, destroy, remove, or impair agency data from any database or information system controlled by, or stored on behalf of, the CFPB. The term "agency data" includes any data or CFPB records stored on the CFPB's premises, on physical media, on a cloud server, or otherwise. The defendants must take all necessary steps to ensure that its contractors do the same.

2. Defendants shall reinstate all probationary and term employees terminated between February 10, 2025 and the date of this order, including but not limited to, Julia Barnard, the Private Student Loan Ombudsman.

3. Defendants shall not terminate any CFPB employee, except for cause related to the individual employee's performance or conduct; and defendants shall not issue any notice of reduction-in-force to any CFPB employee.

4. Defendants shall not enforce the February 10, 2025 stop-work order or require employees to take administrative leave in furtherance of that order, and defendants shall not reinstitute or seek to achieve the outcome of a work stoppage, whether through a stop-work order, an order directing employees to take administrative leave, or any other means.

5. To ensure that employees can perform their statutorily mandated functions, the defendants must provide them with either fully-equipped office space, or permission to work remotely and laptop computers that are enabled to connect securely to the agency server through the Citrix Virtual Desktop or another similar program.

6. Defendants shall ensure that in accordance with 12 U.S.C. §5492(b)(3), the CFPB Office of Consumer Response continues to maintain a single, toll-free telephone number, a website, and a database for the centralized collection of consumer complaints

regarding consumer financial products and services, and that it continues to monitor and respond to those complaints, including by providing Elevated Case Management.

7. Defendants shall rescind all notices of contract termination issued on or after February 11, 2025, and they may not reinitiate the wholesale cancellation of contracts. This provision does not prohibit the defendants from ordering that work or services under specific contracts be halted based on an individualized assessment that the contract involved is unnecessary for the agency to fulfill its statutory functions. To ensure that this Court can award full relief at the end of the case, however, the defendants may not finalize the termination of any contract.

8. Defendants shall file a report with the Court by April 4, 2025 confirming that all individuals and entities that fall within Fed. R. Civ. Proc. 65(d)(2)(A), (B), and (C) have received actual notice of this Order, and that the defendants are in compliance with this Order.

9. The Court's temporary consent order issued on February 14, 2024 [Dkt. # 19] and the March 3, 2025 Minute Order issued in light of the parties' Notice of Agreement [Dkt. # 53] and Notice of Agreement (Corrected) [Dkt # 65], are hereby **VACATED.**

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: March 28, 2025