IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>    *Plaintiffs*,<br> v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>    *Defendants*. | Case No. 25-cv-381-ABJ |

**PLAINTIFFS' MOTION FOR A BRIEFING SCHEDULE ON
DEFENDANTS' MOTION TO STAY**

  This morning, the defendants notified the plaintiffs of their intent to file a motion for an emergency stay directly in the court of appeals without first moving in this Court as Federal Rule of Appellate Procedure 8 requires. *See* Fed. R. App. P. 8(a) (stating that a party seeking a stay pending appeal "must" file a "motion" in the district court first unless "impracticable"). Their stated basis was that they had already complied with Rule 8 by including one sentence about a stay in their opposition to the preliminary injunction motion, filed five weeks ago, which addressed a proposed order that the plaintiffs withdrew before this Court ruled. *See* Dkt. 31 at 40 (one-sentence request for a stay); Dkt. 79 (plaintiffs' operative proposed order at the time of this Court's order). The defendants stated that by not mentioning a stay in its preliminary injunction order, this Court had implicitly denied a motion to stay that the defendants never filed.

  Plaintiffs therefore respectfully request that this Court enter an order clarifying that because the defendants have not yet filed a motion to stay, the Court has not yet ruled on any such motion. The plaintiffs also request an opportunity to respond to any motion that the defendants file, but recognizing the need for expedition, are prepared to do so on a very short timeline. The plaintiffs

1

therefore request that the Court set an expedited briefing schedule under which they would be required to file their response by midnight on the day following the filing of the defendants' motion, and the defendants be ordered to file their reply by midnight of the day after that.

To facilitate an orderly appeal, the plaintiffs request that the deadline for the defendants to report compliance with the Court's order, listed in paragraph 8 of the preliminary injunction, Dkt. 88, be tolled while the Court decides the motion to stay. As they informed the defendants, the plaintiffs also remain willing to agree to an administrative stay of the preliminary injunction until this Court has ruled, as long as the prior consent order and agreement on contracts is continued.

This schedule will allow the briefing on the stay motion to proceed in a highly expedited fashion, while still permitting a proper record to be formed for an appeal. *See* Fed. R. App. P. 8(a)(2)(A)(ii) (requiring that the court of appeals be provided with the "reasons given by the district court for its action" on the motion to stay).

Dated: March 31, 2025

Respectfully submitted,

*/s/ Deepak Gupta*
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (DC Bar No. 1046738)
Gabriel Chess (DC Bar No. 90019245)*
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (*pro hac vice*)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

Wendy Liu (DC Bar No. 1600942)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW

2

Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff National Treasury Employees Union*