IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>                  *Plaintiffs*,<br>    v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>                  *Defendants*. | Case No. 25-cv-381-ABJ |

**PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 28, 2025 MINUTE ORDER**

As directed by this Court's March 28 order, the plaintiffs respectfully submit this explanation of their views on the CFPB's reserve fund and civil penalty fund.

***Reserve fund.*** The plaintiffs and defendants agree that the CFPB may not legally seek to transfer or relinquish the money in its reserve fund except to satisfy ordinary operating expenses. *See, e.g.*, Supp. Martinez Decl., Dkt. 47-1, at 2 ¶ 6. The plaintiffs did not request that a prohibition on doing so be included in the interim order only because they were trying to propose as narrow an order as possible. If, in violation of the defendants' and their counsel's representations to this Court and to the District Court for the District of Maryland, the defendants attempt to transfer or relinquish the money in the CFPB reserve fund, the plaintiffs will promptly seek a court order requiring that the money be returned and enjoining the defendants from any future attempt to transfer or relinquish the funds during the pendency of this case. Such an attempt might also warrant an order to show cause in this Court or in the District of Maryland requiring both the defendants and their counsel to explain why they should not be sanctioned for misleading the Court. *Cf., e.g.*, Supp. Martinez Decl., Dkt. 47-1, at 2 ¶ 6 (testifying that "there indeed is no

1

authority or mechanism to transfer excess funds back to the Federal Reserve, to transfer excess funds to the Federal Reserve's control, or to transfer excess funds to the control of any other entity" and that "[t]he Bureau only transfers funds for the payment of expenditures incurred in the normal course of Bureau activities pursuant to its statutory obligations"); Defs.' Resp. to Pls.' Notice and Suppl. Decls. at 2, Mayor and City Council of Baltimore v. Vought, No. 25-00458 (D. Md. Mar. 6, 2025), Dkt. No. 43 (brief on behalf of Vought and the CFPB, who are also represented in that case by Brad Rosenberg and Liam Holland, signed by Mr. Holland) (assuring the court that the supplemental Martinez declaration filed in this case constitutes a denial that the Bureau intends to transfer funds out of the reserve fund except to pay for the CFPB's ordinary operations).

***Civil Penalty Fund.*** The law is clear that money in the Civil Penalty Fund may only be dispensed to "the victims of activities for which civil penalties have been imposed" or, if those "victims cannot be located or such payments are otherwise not practicable," to fund "consumer education and financial literacy programs." 12 U.S.C. § 5497(d)(2). It would thus be unlawful for the defendants to disburse the money in the Civil Penalty Fund for any purpose other than reimbursing or educating consumers. But in an effort to request the most narrow relief possible to address the defendants' attempt to close the agency and prevent them from doing so during the pendency of this litigation, the plaintiffs do not, at this time, seek a preliminary injunction prohibiting the defendants from illegally disbursing the money in the Civil Penalty Fund. If the defendants attempt to do so, the plaintiffs could, if necessary, seek permission to amend their complaint to include a claim challenging that disbursement—and, if warranted, seek a temporary restraining order. In addition, as with the reserve fund, any attempt to disburse the money in the Civil Penalty Fund other than to consumers or consumer education might warrant an order to show cause from this Court requiring the defendants to explain why they should not be

sanctioned for misleading it. *Cf.* Martinez Decl., Dkt. 31-1, at 6 ("The Civil Penalty Fund is used to redress harmed consumers.").

At this time, however, the plaintiffs are not seeking preliminary relief on either one of these issues.

Dated: March 31, 2025							Respectfully submitted,

/s/ *Deepak Gupta*
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (DC Bar No. 1046738)
Gabriel Chess (DC Bar No. 90019245)*
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (*pro hac vice*)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

Wendy Liu (DC Bar No. 1600942)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

3

*Counsel for Plaintiff National Treasury Employees Union*

Case 1:25-cv-00381-ABJ   Document 94   Filed 03/31/25   Page 4 of 4

4