IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>     *Plaintiffs*,<br> v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>     *Defendants*. | Case No. 25-cv-381-ABJ |

**PLAINTIFFS' RESPONSE TO APRIL 2, 2025 MINUTE ORDER ON JURISDICTION**

  In response to the minute order docketed earlier today, we write to explain why this Court does have jurisdiction over the defendants' motion to stay. Neither an appeal of a court's preliminary injunction, nor a motion to stay pending that appeal, deprives a district court of jurisdiction to rule on a motion to stay before that court. The filing of a notice of appeal is "an event of jurisdictional significance" that divests the district court of jurisdiction, but only over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). As demonstrated by Federal Rule of Appellate Procedure 8(a)(1)(A), which requires that stay applicants ordinarily file first in the district court, whether to grant such a stay is not an aspect of the case involved in the appeal. The appeal therefore does not divest the district court of jurisdiction over the issue. *See Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922) ("[A]fter appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court.").

  The defendants' premature filing of a motion to stay in the court of appeals and that court's scheduling of oral argument on that motion do not change the analysis. As demonstrated by the

1

fact that the defendants filed their motion in the court of appeals before they filed in this Court, that motion is not an appeal of any order from this Court and cannot transform this Court's consideration of a motion for a stay into an aspect of the case involved in the appeal. Otherwise, a stay applicant could always circumvent the requirement to seek a stay in the district court by simply filing the motion simultaneously in the Court of Appeals. And unlike the filing of a notice of appeal, there is no authority for the proposition that the filing of a motion in the court of appeals or the scheduling of oral argument are events of jurisdictional significance. Thus, they cannot affect this Court's jurisdiction to consider the defendants' motion in this Court.[1]

Dated: April 2, 2025

Respectfully submitted,

*/s/ Deepak Gupta*
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (DC Bar No. 1046738)
Gabriel Chess (DC Bar No. 90019245)*
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (*pro hac vice*)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

Wendy Liu (DC Bar No. 1600942)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

---

[1] Of course, if a court of appeals rules on a motion to stay pending appeal, a district court would be bound by law of the case to follow its ruling in considering any similar motion—and any such similar motion might be moot. But that does not deprive the district court of *jurisdiction* to rule on a motion to stay before the Court of Appeals even considers it.


*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff National Treasury Employees Union*