**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL VOUGHT, *in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 25-0381 (ABJ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF THE APPEAL OF THIS COURT'S PRELIMINARY INJUNCTION ORDER**

## INTRODUCTION

On its own motion, the D.C. Circuit has expedited Defendants' appeal from this Court's order granting Plaintiffs' motion for a preliminary injunction, ECF No. 88 (the "PI Order"). Order, *National Treasury Employees Union, v. Vought*, No. 25-5091 (D.C. Cir. Apr. 11, 2025) (attached as Exhibit 1). Under the expedited schedule, briefing is complete by May 13, 2025, and oral argument is calendared for May 16, 2025. *Id*. Especially given that extremely expedited schedule, Defendants respectfully request that this Court stay further district court proceedings in this matter until Defendants' appeal from the PI Order is finally resolved. A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Such a stay would not prejudice Plaintiffs as it would not affect the PI Order already entered by this Court. Nor would it unduly delay resolution of this matter given the expedition of the appeal. Ex. 1. Moreover, a stay would conserve resources of the Court and the parties and minimize the risk of conflicting decisions.

Should this Court deny Defendants' request for a stay, Defendants respectfully ask, in the alternative, for an extension of time to respond to the Amended Complaint until thirty days after any such denial. Defendants have conferred with Plaintiffs' counsel about the relief sought in this motion, and Plaintiffs oppose the relief requested.

## BACKGROUND

Plaintiffs filed their operative Amended Complaint on February 13, 2025, seeking declaratory and injunctive relief. Am. Compl., ECF No. 7. Invoking non-statutory causes of action, the Amended Complaint seeks an order that Defendants "resume immediately all activities that [the Consumer Financial Protection Bureau ("CFPB")] is required by statute to perform." *Id*. at 31, Prayer for Relief (D). Under the Administrative Procedure Act, 5 U.S.C. § 706, the Amended Complaint asks this Court to hold unlawful and set aside "[D]efendants' actions and intended further actions to dismantle the CFPB, including issuance of stop-work instructions, cancellation

of contracts, declining and returning funding, reductions in force, firing of employees, and termination of the lease for its headquarters[.]" *Id*., Prayer for Relief (B).

Later on February 13, 2025, Plaintiffs filed a motion for temporary restraining order and administrative stay. ECF No. 10. On February 14, Plaintiffs filed a memorandum in support of that motion. ECF No. 14. Upon agreement of the parties and following a scheduling conference, the Court issued an order converting Plaintiffs' motion for a temporary restraining order into a motion for a preliminary injunction. ECF No. 19. The Court's order also memorialized Defendants' agreement that, until the Court rules on Plaintiffs' motion for a preliminary injunction, CFPB will not destroy certain records, will not terminate CFPB employees except for cause, and will not transfer CFPB's reserve funds. *See id*.

On March 3, 2025, the Court held a hearing on the motion for a preliminary injunction, and, during the following week, held a two-day evidentiary hearing. ECF Nos 58, 73, 74. On March 28, 2025, the Court issued a Memorandum Opinion and Order, granting Plaintiffs' motion for a preliminary injunction. ECF Nos. 87, 88.

After Defendants filed a notice of appeal to the D.C. Circuit, ECF No. 89, on April 11, 2025, the D.C. Circuit issued an order staying the PI Order in part pending appeal. Ex. 1. In addition, the D.C. Circuit, on its own motion, ordered that Defendants' appeal of the PI Order be expedited. *Id*. Under the expedited schedule, briefing in the D.C. Circuit is to be completed by May 13, 2025, and argument on Defendants' appeal is scheduled for May 16, 2025. *Id*.

Defendants' deadline to answer or otherwise respond to the Amended Complaint is currently April 16, 2025. *See* ECF No. 49; Fed. R. Civ. P. 12(a)(2).

**ARGUMENT**

The Court should stay further district court proceedings in this case until Defendants' appeal of the PI Order is finally resolved. A stay is supported by all of the traditional stay factors. Alternatively, should this Court deny Defendants' request for a stay, Defendants respectfully ask for an extension of time to respond to the Amended Complaint until thirty days after any such denial.

**I.     A Stay of Proceedings Would Promote Judicial Economy and Conserve the Parties' Resources by Awaiting Appellate Guidance on Important Legal Issues.**

The Court should stay further district court proceedings in this case pending Defendants' appeal of the PI Order because an appellate court ruling is likely to provide substantial, if not dispositive, guidance to this Court and the parties in resolving the merits issues presented in this case. Moreover, a stay would not prejudice Plaintiffs given that Defendants must comply with this Court's PI Order, subject to the D.C. Circuit's stay, or risk contempt.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Thus, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health and Human Servs.*, Civ. A. No. 20-1630, 2021 WL 4033072, at 1 (D.D.C. Sept. 3, 2021) (quoting *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004)). "In deciding whether to grant a stay, courts generally 'weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties.'" *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, 397 F. Supp. 3d 34, 39 (D.D.C. 2019) (quoting *Belize Soc. Dev. Ltd. v. Gov's of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012)).

Weighing the relevant interests confirms a stay is warranted here. First, a stay could not plausibly prejudice Plaintiffs given that Defendants must comply with this Court' PI Order, subject to the D.C. Circuit's stay. The proposed stay would not affect the PI Order at all and would merely

3

stay further litigation in district court in this case pending appellate resolution on potentially dispositive issues. *See, e.g.*, *Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 440-41 (S.D. Ohio 2023) (no prejudice to Plaintiff from stay because challenged program "is currently enjoined"); Electronic Order, *Walker v. Azar*, No. 1:20-cv-02834-FB-VMS (E.D.N.Y. Nov. 2, 2020) (granting stay pending appeal of preliminary injunction and finding that the "possibility of further irreparable harm to the plaintiffs pending appeal is mitigated by the extant preliminary injunction"); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *4 (W.D. Wash. Mar. 17, 2017) (finding that any prejudice to plaintiffs from stay would be "minimal—if there is any at all" in light of the preliminary injunctive relief already in effect); *Hawaii v. Trump*, 233 F. Supp. 3d 850, 853-54 (D. Haw. 2017) (same); *Boardman v. Pac. Seafood Grp.*, No. 1:15-108-CL, 2015 WL 13744253, at *2 (D. Or. Aug. 6, 2015) (same); *see also Whitman-Walker*, 2021 WL 4033072, at *2 (finding that prejudice to plaintiffs from a stay of proceedings minimized because conduct "that form[s] the heart of Plaintiffs' objections [is] currently—and will remain—enjoined").

Moreover, Defendants' proposed stay is of a limited duration, given the D.C. Circuit's order expediting appellate proceedings. Ex. 1. The D.C. Circuit has ordered the parties to proceed on an extremely expedited basis, with oral argument being held in about a month, on May 16, 2025. *Id*. Given the speed of the expedited appeal, the Government's requested stay is reasonable in length and will not prejudice Plaintiffs. *See Hawaii*, 233 F. Supp. 3d at 854 ("[T]he expedited timeline of appellate proceedings that has already been on display before the Ninth Circuit in the Western District of Washington case indicates that any delay in this case pending resolution of that appeal will be reasonable in length. And if that does not turn out to be the case, any party may petition the Court to lift or partially lift the stay for good cause[.]"); *see also Washington*, 2017 WL 2172020, at *4 (noting "expedited briefing in the *Hawaii* appeal").

By contrast, requiring Defendants to defend this action in district court without waiting for appellate resolution of the issues raised in this case would be a wasteful exercise. *See, e.g.*, *Whitman-Walker*, 2021 WL 4033072, at *3 ("In the interim, a substantial amount of the parties' and the Court's resources would have been expended and potentially for little gain."). First, the

4

parties would be required to brief and litigate a motion to dismiss—even though the motion to dismiss would present many of the same legal arguments that the Government raised in opposition to Plaintiffs' motion for a preliminary injunction and the Government will soon be asking the D.C. Circuit to address. Briefing a motion to dismiss, and this Court's consideration of the motion, would itself be wasteful. *Cf. Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay "[n]ot needing more lawyers to spend more time on more briefs on more subjects"). A D.C. Circuit ruling on appeal could prove fully or partially dispositive of the issues in this case or, at the very least, "will have a significant impact on the litigation going forward." *See* Electronic Order, *Walker*, No. 1:20-cv-02834-FB-VMS (E.D.N.Y. Nov. 2, 2020).

Moreover, if the Court were to deny a motion to dismiss—as it has tentatively signaled, *see* ECF No. 87 at 61-101 (concluding that Plaintiffs are likely to succeed on their claims in Count One and their Administrative Procedure Act ("APA") claims)—denial of that motion would not itself resolve Plaintiffs' claims or provide them any relief. Instead, denial of that motion would only require the parties to move into the next stage of the litigation—increasing the burden on the parties still further. And depending on what Plaintiffs propose as the next stage of the litigation, that could embroil the parties and the Court in significant and time-consuming disputes regarding the appropriate scope of discovery (if any). Of course, the next stage of the proceedings would also depend on the resolution of certain fundamental questions governing this case, which the D.C. Circuit may soon decide.[1]

---

[1] For example, Plaintiffs have requested that Defendants produce the administrative record. But administrative records are correlated with a discrete agency action, as defined by the APA, such as a rule or an order. *See* 5 U.S.C. § 551(13). And they consist of the materials considered by the agency in generating that circumscribed and discrete agency action. *See* ECF No. 31 at 17; *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996); *Ctr for Auto Safety v. Fed. Highway Admin.*, 956 F.2d 309, 314 (D.C. Cir. 1992); *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006). As Defendants have indicated, ECF No. 31 at 17, it is far from clear what Plaintiffs are demanding given that no APA count seeks judicial review of a standalone rule, order, license, sanction, or relief, that is circumscribed and discrete. Rather, the

For similar reasons, there are obvious benefits to judicial economy in awaiting further appellate court guidance. As noted above, an appellate ruling may prove dispositive or, at the very least, provide guidance on relevant legal issues and facilitate further proceedings in this case. A stay will also minimize the risk of conflicting decisions that could result from simultaneously litigating the same issues in this Court and in the D.C. Circuit. Even if this Court were to decide a motion to dismiss or undertake further proceedings in this case, therefore, all of it could be for naught. A different governing legal framework for this case, based on further appellate court guidance, would require this Court to go back and re-analyze everything to ensure its prior decisions are consistent with the D.C. Circuit's decision. "Thus, staying this case avoids duplicative and potentially unnecessary litigation, conserving judicial resources." *See Whole Woman's Health v. Hellerstedt*, Case No. A-16-CA-1300-SS, 2017 WL 5649477, at *2 (W.D. Tex. Mar. 16, 2017).

For precisely these reasons, courts have held that awaiting "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" provide "a good . . . if not an excellent" "reason for [a] district court's stay." *See Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1198. Indeed, courts in this district frequently stay proceedings where issues in the litigation are pending before a higher court. *See, e.g.*, *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No. 14-cv-1220, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (finding "good cause to stay this matter" given that "the parties agree that the

---

Amended Complaint seeks judicial review of "[D]efendants' actions and intended further actions to dismantle the CFPB, including issuance of stop-work instructions, cancellation of contracts, declining and returning funding, reductions in force, firing of employees, and termination of the lease for its headquarters[.]" Am. Compl., Prayer for Relief (B). *See also* Am. Compl. ¶ 91; ECF No. 31 at 17 ("Wholesale challenges to programmatic decision-making make it impossible for the agency to 'compl[e] and 'organiz[e] the complete administrative record' for the agency action . . . because there is no discrete agency action") (citation omitted).

6

resolution of [a related case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here").[2]

In short, an appellate decision likely would permeate every aspect of this case. And given the D.C. Circuit's order, on its own motion, that Defendants' appeal be expedited and for oral argument to take place in about one month, the balance of interests weigh overwhelmingly in favor of a stay of proceedings here. It is far more efficient—and far less burdensome on the parties and the Court—to stay proceedings pending expedited appellate review. *Cf. IBT/HERE Emps. Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 293 (D.D.C. 2005) (granting a stay when a decision in a separate proceeding "may affect the parties' understanding of the scope of this case going forward, may reorient the parties' arguments, may catalyze a settlement of this matter, . . . or may resolve the issues raised in this lawsuit in their entirety"). Consistent with the weight of authority, this Court should likewise stay further proceedings pending expedited appellate review.

## II. In the Alternative, the Court Should Extend the Deadline to Respond to the Amended Compliant.

Alternatively, if the Court denies a stay of proceedings, Defendants respectfully request an extension of the current deadline of April 16, 2025, to respond to the Amended Complaint until thirty days after any such denial. Defendants make this request under Federal Rule of Civil Procedure 6(b), under which extensions are granted "for good cause[.]" Fed. R. Civ. P. 6(b). The "good cause" requirement means "a party must demonstrate some justification for the issuance of the extension." 4B Wright & Miller, Federal Practice and Procedure § 1165 (4th ed.). *See*

---

[2] Even outside the appeal context, courts within this District also routinely grant stays to allow the conclusion of other related proceedings. *See, e.g.*, *Hussain v. Lewis*, 848 F. Supp. 2d 1, 2 (D.D.C. 2012) (staying case pending state court proceedings and arbitration request); *Fonville v. Dist. of Columbia*, 766 F. Supp. 2d 171, 174 (D.D.C. 2011) (staying case pending resolution of litigation in the D.C. Court of Appeals); *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74-75 (D.D.C. 2002) (granting stay pending ongoing agency proceedings); *IBT/HERE Emps. Representatives' Council*, 402 F. Supp. 2d at 292 (staying case pending arbitrator's decision); *Fairview Hosp. v. Leavitt*, No. 05-cv-1065, 2007 WL 1521233, at *3 (D.D.C. May 22, 2007) (granting a stay pending district court's resolution of a similar case).

*Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) (explaining that "'good cause' in the context of Rule 6(b)(1) [i]s a 'non-rigorous standard'" (quoting *Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019))).

Good cause supports the requested extension. This is Defendants' first requested extension of the deadline to respond to the complaint, and granting the extension will not unduly delay this action or affect other pending deadlines. Such an extension would allow Defendants to obtain a Court ruling on their request for a stay, which Defendants have sought in good faith and which, in their view, is supported by good cause and the interests of judicial and party economy.

An extension is also justified due to the press of this and other litigation matters. In that regard, Defendants have already expended a substantial amount of resources responding to Plaintiffs' motion for a temporary restraining order, which was converted into a motion for a preliminary injunction, during the 60-day period that the Federal Rules of Civil Procedure provide the Government to respond to a complaint. In addition to this case, Defendants have expended significant resources addressing emergency motion practice in another case involving the CFPB. *Mayor and City Council of Baltimore v. CFPB*, Case No. 25-cv-458-MJM (D.Md.).

Moreover, additional time to respond to the Complaint is needed due to the press of other business as well as the annual leave of attorneys assigned to this matter. Undersigned counsel for Defendants faces demands from his docket of other cases unrelated to the CFPB, which are in need of attention given the resources that this case has consumed to date. Finally, Defendants' counsel requires additional time to address issues necessarily raised by the Amended Complaint.

## CONCLUSION

The Court should stay further proceedings in this matter until final resolution of Defendants' appeal of this Court's PI Order.

Dated: April 15, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

BRAD P. ROSENBERG
Special Counsel

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-4964
Fax: (202) 616-8470
Email: liam.c.holland@usdoj.gov

*Counsel for Defendants*