IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br>     *Plaintiffs*, <br>  v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br><br>     *Defendants*. | Case No. 25-cv-0381-ABJ |

**MOTION FOR ORDER TO SHOW CAUSE**

  Earlier today, the defendants sent out reduction-in-force notices to the vast majority of CFPB employees. Public reporting puts the total number of people terminated at approximately 1,400-1,500.[1] That's consistent with information the plaintiffs' counsel have received. As one would expect with a RIF of that size, the plaintiffs have been told that entire offices, including statutorily mandated ones, have or soon will be either eliminated or reduced to a single person. And all affected employees will be entirely cut off from computer access—a functional work stoppage—at 6:00 pm tomorrow, April 18.[2]

  These RIFs appear to go well beyond what the unstayed portions of this Court's injunction permit. Even after the D.C. Circuit's stay order, the defendants remain prohibited from "achiev[ing] the outcome of a work stoppage" through "any . . . means," Dkt. 88 ¶ 4, unless "after

---

  [1] https://www.foxbusiness.com/politics/cfpb-make-sweeping-job-cuts-trump-admin-refocuses-agency; https://www.kron4.com/news/politics/ap-politics/ap-layoffs-hit-consumer-financial-protection-bureau-as-trumps-government-downsizing-continues/amp/; https://www.politico.com/news/2025/04/17/cfpb-staff-layoffs-warren-doge-vought-paoletta-00297708.

  [2] The plaintiffs continue to learn more details of these mass terminations. We will update the Court with additional specifics as soon as we have confirmed them.

1

a particularized assessment," they have determined that the stoppage "would not interfere with the performance of the defendants' statutory duties," Stay Order at 1–2. They also remain prohibited from issuing a notice of reduction-in-force to employees without a "particularized assessment" that the employees are "unnecessary to the performance of the defendants' statutory duties." *Id.* at 1. It is unfathomable that cutting the Bureau's staff by 90 percent in just 24 hours, with no notice to people to prepare for that elimination, would not "interfere with the performance" of its statutory duties, to say nothing of the implausibility of the defendants having made a "particularized assessment" of each employee's role in the three-and-a-half business days since the court of appeals imposed that requirement.

The plaintiffs request that this Court issue an order to show cause why the defendants have not violated its preliminary injunction order and schedule a hearing as soon as possible.

Dated: April 17, 2025

*/s/ Deepak Gupta*
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (D.C. Bar. 1046738)
Gabriel Chess (DC Bar No. 90019245)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (pro hac vice)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

*Counsel for Plaintiffs*

Respectfully submitted,

*/s/ Wendy Liu*
Wendy Liu (DC Bar No. 1600942)
Adam R. Pulver (DC Bar No. 1020475)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff National Treasury Employees Union*