IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-381-ABJ |

**MOTION TO CLARIFY**

Earlier today, the Court held a hearing on the plaintiffs' emergency motion for an order to show cause why the defendants have not violated the Court's preliminary injunction. The Court deemed that motion a motion to enforce its preliminary injunction, as partially stayed by the D.C. Circuit. *See* Dkt. 113 at 5. The Court set a hearing for Monday, April 28 to resolve the factual disputes necessary to "determine whether the agency is complying with" the injunction. *Id.*

In the interim, the Court entered an order "to preserve the status quo." *Id.* Applying the standard for a motion for a TRO, *see id.* at 6 (citing *Dellinger v. Bessent*, 2025 WL 559669, at *3 (D.C. Cir. 2025)), the Court held that it was necessary "to enjoin the planned RIF to preserve the existing conditions" until it can resolve the motion to enforce. Dkt. 113 at 6.

The defendants did not object to the entry of that order at the hearing. *See* Dkt. 113 at 5; April 18 Hearing Tr. And, despite the plaintiffs' willingness to hold the evidentiary hearing on April 23 to resolve the motion as quickly as possible, *see id.* at 17, the defendants "request[ed] the 28th," *id.* at 19. Late tonight, however, the defendants filed a notice of appeal of the order. *See* Dkt. 115.

To ensure that the appellate court has clarity about the order that the defendants have now appealed, the plaintiffs ask this Court to clarify that its order is a temporary restraining order that will expire in 14 days, "unless before that time the court" extends the order "for good cause." Fed. R. Civ. P. 65(b)(2). The plaintiffs also ask the Court to clarify that provision (2) of the order—which prohibits the defendants from "discontinuing any employee's access to work systems," Dkt. 113 at 7—only serves to enjoin the defendants from effectuating the RIF notices by discontinuing employees' "access to work systems, including email and internal platforms" because the agency included them in the RIF. That provision of the order does not prevent the defendants from discontinuing an employee's access to work systems in the normal course of CFPB operations separate and apart from the April 17 RIFs.

Dated: April 18, 2025

Respectfully submitted,

/s/ Deepak Gupta
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (D.C. Bar. No. 1046738)
Gabriel Chess (DC Bar No. 90019245)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (pro hac vice)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

*Counsel for Plaintiffs*

/s/ Wendy Liu
Wendy Liu (DC Bar No. 1600942)
Adina Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff National Treasury Employees Union*