**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL TREASURY EMPLOYEES UNION, *et al.*,

        *Plaintiffs*,

v.

RUSSELL VOUGHT, *in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.*,

        *Defendants*.

Case No. 1:25-cv-00381-ABJ

**STIPULATED PROTECTIVE ORDER**

1. With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

**A.  Definitions**

2. "Action" shall mean the case captioned *National Treasury Employees Union, et al. v. Vought, et al..* 1:25-cv-00381-ABJ (D.D.C.).

3. "Confidential Information" shall mean information that, at the time of its production in discovery in the actions, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (b) is personal, financial, medical or other private information relating to

an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; or (c) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a.

4. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

5. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

6. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

7. "Designating Party" shall mean the party or other person producing in discovery in the Actions any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

8. "Producing Party" shall mean the person or party producing in discovery in the Actions.

9. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

10. Personally identifying information ("PII") includes personal information—such as but not limited to addresses, telephone numbers, email addresses, and any other contact information—of non-deponents and non-defendants. Names, in and of themselves, are not PII.

**B.     Purpose, Scope, and Limitations of Protective Order**

11.     This Protective Order applies to discovery, pre-trial, trial (to the extent approved by the Court), and post-trial proceedings in these actions, whether the Documents are produced by a party or a person or entity who is not a party to these actions (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

12.     Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

13.     This Protective Order shall not prejudice any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in these Actions. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

14.     The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in these Actions through trial or otherwise; or (iii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

15.     This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or

trial. *See also* ¶ 40 (setting forth the process to publicly disclose Confidential Information and PII).

16. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

17. Any Confidential Information referenced in any public pleading or contained in any Document publicly filed with the Court in these Actions by the Producing Party shall at the time of such public filing cease to be Confidential Information.

18. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

19. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

20. Neither the termination of these Actions nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

21. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C.  **Method for Designating Confidential Information**

22. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

23. The Designation of Confidential Information should be limited only to those

Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Paragraph 3 of this Protective Order.

24. For documents designated under this Protective Order that are produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential Information – Subject to Protective Order" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential – Subject to Protective Order"[1] Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies.

25. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "Confidential – Subject to Protective Order."

26. For depositions, designation of Confidential Information shall be made by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. Prior to the expiration of the above referenced 30-day period, the entire deposition transcript (including any exhibits not previously produced in discovery in these Actions) shall be treated as Confidential Information under this Protective Order until the expiration of the 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her

---

[1] The original metadata of the native files should be retained pursuant to the parties' agreement.

own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Confidential – Subject to Protective Order." If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled "Confidential – Subject to Protective Order."

27. For any other Document or item produced in discovery in these Actions not falling within Paragraphs 24 to 26 above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential – Subject to Protective Order."

D. **Challenging Confidential Designations**

28. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

29. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

30. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Challenging Party

within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

31. If the Designating Party decides to withdraw or change its designation, it shall give notice of this change to all parties.

32. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 31 or as otherwise agreed, the Designating Party shall have 20 days from the receipt of the written challenge notice to file a motion requesting that the Court determine whether the challenged material is, in fact, entitled to protection and that, if so, the Court issue a protective order requiring that the challenged material not be disclosed. The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

33. Any material designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the Designating Party's motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired. Failure by the Designating Party to make such a motion within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

34. Any information designated as Confidential Information pursuant to this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

**E.     Disclosure, Use, and Handling of Confidential Information**

35. A Receiving Party may use Confidential Information in connection with these Actions only for prosecuting, defending, or attempting to settle these Actions, and shall disclose

such Confidential Information only in accordance with the terms of this Protective Order.

36. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

37. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Current employees of the Parties who are assisting with respect to this Action;

   c. Any person with prior authorized access to the Confidential Information;

   d. Current employees of the Producing Party;

   e. Witnesses, potential witnesses, and deponents, including their counsel;

   f. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

   g. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

   h. Retained expert witnesses and consultants;

   i. Mediators or arbitrators; and

   j. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording

or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

38. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

39. Neither this Order, nor any confidentiality designation under it, is a sufficient basis for sealing court records. The procedure for filing Protected Material with the Court shall be as follows:

    a. If the filing party is the Designating Party, it shall not move to seal any material that it does not, in good faith, believe meets the legal standard for sealing—even if it has previously marked such material confidential under this Order. If, after evaluating in good faith whether the information meets the legal standard for sealing, the Designating Party still seeks to file information under seal, it must file a motion to seal, demonstrating with particularity that each document or portion thereof that the party seeks to seal meets the legal standard for sealing. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the party seeks to seal and provides a factual basis for the party's claim that sealing is warranted. Unless the party believes in good faith that an entire document meets the standard for sealing court records, it shall also file a redacted version of the document on the public docket.

    b. If the filing party is not the Designating Party, it must file the Protected Material provisionally under seal, accompanied by a declaration explaining that the Protected Material is filed under seal only provisionally to give the Designating

9

Party an opportunity to file a motion to seal; identifying the specific documents or portions thereof that have been designated confidential; and identifying the Designating Party. Unless an entire document is marked confidential, the filing party shall also file a public version of the document, with the Protected Material redacted, on the public docket.

If the Designating Party believes in good faith that the Protected Material should be sealed, it must file a motion to seal within seven (7) days. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the Designating Party seeks to seal and provides a factual basis for the Designating Party's claim that sealing is warranted.

Absent an order granting an extension, if the Designating Party does not file a motion to seal within this deadline, it waives the right to have the material sealed, and the filing party shall file it on the public docket within seven (7) days of the deadline passing. If the Designating Party does file such a motion, the material will remain under seal provisionally unless and until the Court rules otherwise.

40. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in these Actions, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person or the Receiving Party either (a) that the Designating Party does not object to the production of the Confidential Information or (b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and

expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

42. If the need arises for any party to disclose Confidential Information in a proceeding in open Court, it may do so only after giving one (1) business day notice to the Producing Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

F. **Inadvertent Production of Confidential Information**

42. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

43. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return or destruction of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the

disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

**G.    Duration**

44.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs.

    IT IS SO ORDERED.


DATED:

                                                                                                            _____
                                                                                                            AMY BERMAN JACKSON
                                                                                                            United States District Judge

**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>   Defendants. | Case No. 1:25-cv-00381-ABJ |

CERTIFICATION

1. My name is_____

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.


Executed this ___ day of _____ by _____
                       (Print Name)


Signed_____