IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br><br> *Defendants.* | Case No. 25-cv-381-ABJ |

## DECLARATION OF DANIEL DODD

I, Daniel Dodd, declare as follows:

1. I am an employee of the Consumer Financial Protection Bureau, where I currently serve as the Assistant Director for Community Affairs. I am preparing this declaration to explain how the recent reductions-in-force, if not paused, would have eliminated Community Affairs—an office required by statute.

2. I have worked at the Bureau for 11 years, at all times within the Community Affairs office.

3. There are currently seven people, including myself, within the office.

4. On April 17, 2025, everyone in the office received a reduction-in-force notice. That includes me. The notice also stated that our access to Bureau systems would be terminated at 6pm on April 18, which would stop our ability to do work at that point.

5. No one consulted with me about the impact that the RIFs, or our inability to work after April 18, would have on the ability to complete statutorily mandated work. Community Affairs is housed within the Consumer Populations Office. To my knowledge, no one consulted with the head of Consumer Populations either.

6. The Dodd-Frank Act requires that there be a Community Affairs unit that provides information, guidance, and technical assistance regarding the provision of consumer financial products to underserved consumers and communities. 12 U.S.C. § 5493(b)(2). The statute also requires that Community Affairs coordinate with the Office of Financial Education to improve financial literacy for consumers. 12 U.S.C. § 5493(d)(3)(A). This work involves researching and monitoring emerging risks affecting underserved consumers, developing guidance on issues affects those consumers and establishing the infrastructure to disseminate that guidance, engaging with stakeholders (including other entities that serve underserved consumers and the consumers themselves) to provide technical assistance, and developing financial literacy tools alongside the Office of Financial Education.

7. There would be no one left in my office to do this work if the RIFs had not been paused.

8. In his declaration, Mark Paoletta stated,

> The External Affairs Division contained 41 employees. The only statutorily required component is the Community Affairs Unit. § 5493(b)(2). I determined that the statutory duties of this unit could be performed by 1 person.

9. That is not correct. As noted above, Community Affairs is within the Consumer Populations Office (along with the Office of Service Member Affairs, the Office of Financial Protection for Older Americans, among others).

10. I do not know who the one person is that has been designated to do the work of Community Affairs or even if there is such a person. If there is such a person, that person has not reached out to me or, to my knowledge, to anyone else in my office to understand how we fulfill our statutory mandate. Nor has anyone reached out on that person's behalf.

11. Had they done so, I would have explained that doing the work of providing information, guidance, and technical assistance to underserved consumers and communities spread out across the country is not something a single person can do on their own.

12. In addition to the work described above, Community Affairs also supports the Office of Research's statutorily mandated work related to un-banked consumers, which requires it to research, analyze, and report on access to credit for underserved consumers and the experiences of underserved consumers of being un-banked. 12 U.S.C. §§ 5493(b)(1)(B), (F). No one consulted me or, to my knowledge, anyone else about the impact of the RIFs on this work.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed in Roanoke, VA this 21st day of April.

_____
Daniel Dodd