IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY
EMPLOYEES UNION, *et al.*,
      *Plaintiffs*,

v.

RUSSELL VOUGHT, in his official capacity
as Acting Director of the Consumer Financial
Protection Bureau, *et al.*,
      *Defendants*.

Case No. 25-cv-381-ABJ

### DECLARATION OF KATHRYN FONG

I, Kathryn Fong, declare as follows:

1. I am the Chief Privacy Officer at the Consumer Financial Protection Bureau (CFPB). I have been employed at the CFPB since 2020 and served as the Chief Privacy Officer for approximately 2 years. The following is based on my personal knowledge.

2. I lead the CFPB's Privacy Office, which is part of the Office of Technology and Innovation, within the Operations Division. The Privacy Office ensures that the CFPB's collection, use, maintenance, and handling of personally identifiable information (PII) complies with federal privacy laws and requirements, including the Privacy Act of 1974, E-Government Act of 2002, Federal Information Security Modernization Act of 2014 (FISMA), and numerous memoranda issued by the Office of Management and Budget (OMB). The Privacy Office's responsibilities include implementing privacy safeguards for all CFPB operations and IT systems to protect and secure our PII, issuing legally mandated privacy notices, and responding to and investigating privacy breaches.

3. The Privacy Office engages in many statutorily required functions. For example, the Privacy Act requires agencies to "establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained." 5 U.S.C. § 552a(e)(10). It also requires agencies to "establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records"—a group of records by which information is retrieved by an individual's name or other identifier assigned to an individual—"or in maintaining any record," and to "instruct each such person" on the rules. 5 U.S.C. § 552a(e)(9). The Privacy Office is responsible for implementing these provisions at the CFPB. It establishes requirements, standards, governance processes, and procedures on how CFPB staff is to collect, use, and handle PII and reviews the design and development of all systems and programs to incorporate privacy safeguards and controls. It also conducts ongoing monitoring and maintenance of these safeguards and provides privacy training to CFPB staff.

4. Moreover, the CFPB is required to publish a system of records notice (SORN) under the Privacy Act if it creates or makes significant changes to a system of records. The CFPB is also required to publish a privacy impact assessment (PIA) under the E-Government Act when it develops or procures a new IT system that collects or maintains PII. Additionally, under FISMA, the CFPB must respond to breaches involving PII, which may include mandatory reporting or notification requirements. These functions are all the responsibility of the Privacy Office.

5. The CFPB necessarily collects and maintains PII as part of a variety of statutorily required functions, including work related to consumer complaints, supervision, and enforcement.

The CFPB also necessarily collects and maintains PII regarding its employees, contractors, and others in order to function as a federal agency. For instance, an agency cannot employ people without collecting and maintaining their PII. Thus, the CFPB necessarily must comply with the statutory requirements governing the collection and maintenance of PII.

6. As the Chief Privacy Officer, I am also the designated Senior Agency Official for Privacy (SAOP) for CFPB. Federal agencies are required to designate a SAOP pursuant to Executive Order 13719, *Establishment of the Federal Privacy Council* and OMB Memorandum M-16-24, *Role and Designation of Senior Agency Officials for Privacy*. As SAOP, I am responsible for overseeing the agency-wide privacy program, leading the CFPB's breach response team, managing privacy risks to the CFPB, and advising on the assessment and identification of resource needs of the privacy program.

7. The Privacy Office consists of me and three other employees. Until February 2025, we also had two contractors working for our office, but their contract was terminated.

8. On April 17, 2025, I received notice that due to a reduction in force my position was being eliminated. The notice also stated that access to my work system, including email and internal platforms, would be discontinued at 6:00 PM E.T. the following day. I later learned that all the other staff in the Privacy Office received the same notice. Therefore, if the reductions in force were to proceed, there would be no one left in the Privacy Office.

9. I was not involved in any assessments or discussions that led to this determination, nor was I consulted about transferring the Privacy Office's legally required duties to another office.

10. Without any staff, the Privacy Office cannot perform the agency's statutorily required duties regarding privacy. I am not aware of any other individuals at the CFPB who have the necessary technical expertise to undertake these specific duties. The Privacy Office staff each

have over a decade of federal privacy experience and hold privacy certifications. Additionally, other offices that have data or cybersecurity responsibilities were also entirely eliminated or significantly reduced to only a couple individuals. These offices do not have sufficient capacity to accomplish the legally required functions of the Privacy Office, along with any other remaining functions they inherit.

\*\*\*

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed in Washington, DC this 24th day of April 2025.

_____
Kathryn Fong