IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br>       *Plaintiffs,* <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br>       *Defendants.* | Case No. 25-cv-381-ABJ |

**DECLARATION OF MELISSA BRAND**

I, Melissa Brand, declare as follows:

1. I am an employee of the Consumer Financial Protection Bureau, where I currently serve as the Director of the Office of Civil Rights.

2. The Office of Civil Rights carries out the functions of the Bureau's Equal Employment Opportunity (EEO) Program, including enforcing workplace anti-discrimination laws and processing complaints of employment discrimination from CFPB employees and applicants for employment.

3. The functions carried out by the Office of Civil Rights are statutorily required for all federal agencies under:

   a. Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16;

   b. The Rehabilitation Act of 1973, 29 U.S.C § 791, as amended;

   c. Other civil rights employment laws that prohibit workplace discrimination, such as: the Age Discrimination in Employment Act of 1990, 29 U.S.C. §621; the Equal Pay

Act of 1963, 29 U.S.C. § 206(d); the Lilly Leadbetter Fair Pay Act of 2009, Public Law 111-2; the Pregnant Workers Fairness Act of 2022, 42 U.S.C. 2000gg; and the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. §2000ff;

d. The Elijah E. Cummings Federal Employee Antidiscrimination Act of 2020, H.R. 6395;

e. The Notification and Federal Employee Antidiscrimination Act of 2002, 5 U.S.C. §2301;

f. The Administrative Dispute Resolution Act of 1998, 5 U.S.C. §651;

g. As well as U.S. Equal Employment Opportunity Commission regulations at 29 CFR Part 1614.

4. Currently the Office of Civil Rights has 12 positions, 9 of which are filled.

5. On February 12, 2025, I learned that all of the Office of Civil Rights' contracts were terminated, including contracts to support EEO Counselings, EEO Investigations, and EEO mediations.

6. On April 17, 2025, I learned that all employees within the Office of Civil Rights, except for myself, received reduction-in-force notices and would lose access to work systems at 6pm on April 18, 2025.

7. No one consulted with me or any other management official within the Office of Civil Rights regarding the reduction-in-force and the impact these terminations would have on the Office's ability to fulfill its mandatory statutory and regulatory duties.

8. Without contracts and staff, the Office of Civil Rights will not be able to perform its statutory and regulatory functions.

9. The duties include:

    a. Processing EEO counselings, including conducting intake, providing employees and applicants information on their legal rights and responsibilities, gathering a limited amount of information on the allegations, and attempting to achieve informal resolution under Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and the regulations at 29 CFR 1614.105.

    b. Processing EEO investigations, including making an initial legal determination regarding whether the allegations state a claim of discrimination, conducting legally sufficient investigations, and creating a thorough factual record upon which a fact finder can make a determination as to whether discrimination occurred, as required under Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and the regulations at 29 CFR 1614.106.

    c. Ensuring that alternative dispute resolution is available during the EEO process and make good faith attempts to resolve disputes as early as possible, as required under the Administrative Dispute Resolution Act of 1998, 5 U.S.C. §651, and the regulations at 29 CFR §1614.102(b)(2).

    d. Writing and issuing final agency actions consisting of findings on the merits of each issue raised in an EEO complaint, including factual findings and legal conclusions as to whether an employment civil rights law was violated, pursuant to Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and the regulations at 29 CFR §1614.110.

e. Providing notification to the public of findings of discrimination and associated disciplinary action taken, as required under the Elijah E. Cummings Federal Employee Antidiscrimination Act of 2020, H.R. 6395.

f. Collecting and analyzing data and the writing and issuing of an annual report that evaluates whether agencies are establishing and maintaining effective programs of equal employment opportunity, including the agency's Affirmative Action Plan for Persons With Disabilities, as required under: Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16; Section 501 of the Rehabilitation Act of 1973, 29 U.S.C § 701, as amended; and the regulations at 29 CFR §1614.203.

g. Conducting analyses for any barriers to equal employment opportunity and ensuring only merit is taken into consideration in agency's policies, practices, and procedures, pursuant to Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-et seq., Section 501 of the Rehabilitation Act of 1973, 29 U.S.C § 791, as amended, and the regulations at 29 CFR §1614.102(a)(3).

h. Posting notices of rights and protections available under federal antidiscrimination and whistleblower protection laws, the gathering and posting of EEO complaint data quarterly, and the issuance of an annual report on the Agency's EEO complaint activities as required under The Notification and Federal Employee Antidiscrimination Act of 2002, 5 U.S.C. §2301.

i. Providing Agency employees and management with EEO training and education programs designed to provide a maximum opportunity for employees to advance

so as to perform at their highest potential pursuant to Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16(b)(1).

10. One employee in the Office of Civil Rights will not be able to fulfill these functions on their own due to the volume of work involved, the short regulatory timeframes of the EEO complaint process, the U.S. Equal Employment Opportunity Commission's requirement that some of these functions must be performed by different individuals, the unique expertise required, and the certifications required for some of these duties.

11. At the time the reduction-in-force notices were issued, the Office of Civil Rights was processing approximately 22 EEO complaints at various stages of the EEO process, which does not include additional requests that have come in since April 17, 2025, from CFPB employees to start the EEO process due to their belief that the reduction-in-force was due to discrimination and/or retaliation.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Executed in Silver Spring, Maryland this 24th day of April.

/s/ *Melissa Brand*
Melissa Brand