**What's Not Included**

Duties arising from regulatory requirements to which the Bureau is subject

    The list is limited to statutory requirements, though the Bureau is subject to regulatory requirements, as well.

Duties arising from the Bureau's own regulations

    In some circumstances, the Bureau's regulations require it to maintain certain  infrastructure or follow certain processes.

Duties arising from Executive Orders

MOU, Consultation, and Coordination Requirements

    There are several instances where the Bureau is required to enter into MOUs, to consult with stakeholders, or to coordinate on various topics. These are not separately listed here

Completed mandatory rulemaking

    Many mandatory rulemakings have already been completed (for example, TILA-RESPA Integrated Disclosures) such that no further action is needed for compliance.

Prohibitions

    The Bureau is prohibited from doing certain things, especially in its role as federal employer, and it maintains certain roles to ensure compliance.

Resources to Accomplish Duties

    Every duty requires some number of people, including support staff, and some amount of resources. This list does not estimate what is required to meet each task.

DX-07_001

| | | | |
|---|---|---|---|
| 5 U.S.C. 1007 | FACA | (b)Advisory Committee Management Officer.—The head of each agency that has an advisory committee shall designate an Advisory Committee Management Officer who shall—<br>(1)exercise control and supervision over the establishment, procedures, and accomplishments of advisory committees established by the agency;<br>(2)assemble and maintain the reports, records, and other papers of any advisory committee established by the agency during the advisory committee's existence; and<br>(3)carry out, on behalf of the agency, the provisions of section 552 of this title with respect to such reports, records, and other papers. | Advisory Committee Management Officer |
| Pub. L. No. 107-174 (2002), sec. 401 (5 U.S.C. 2301(note)) | NO FEAR Act | Each Federal agency shall—<br>(1)be responsible for the fair and impartial processing and resolution of complaints of employment discrimination (including retaliation) prohibited by a provision of law covered by paragraph (1) or (2) of section 201(a); and<br>(2)establish a model Equal Employment Opportunity Program that—<br>(A)is not under the control, either structurally or practically, of the agency's Office of Human Capital or Office of the General Counsel (or the equivalent);<br>(B)is devoid of internal conflicts of interest and ensures fairness and inclusiveness within the agency; and<br>(C)ensures the efficient and fair resolution of complaints alleging discrimination (including retaliation). | Equal Employment Opportunity Program |
| 12 U.S.C. 5452(a)–(b) | DFA | The Bureau shall establish an Office of Minority and Women Inclusion. ... The Director of each Office shall be appointed by, and shall report to, the agency administrator. The position of Director shall be a career reserved position in the Senior Executive Service, as that position is defined in section 3132 of title 5, or an equivalent designation. | OMWI |
| 12 U.S.C. 5491 | CFPA | Statutory provision establishing the CFPB and the offices of Director and Deputy Director. | CFPB, Director, and Deputy Director |
| 12 U.S.C. 5493(a)(5) | CFPA | [T]he Bureau shall appoint an ombudsman [which] shall—<br>(i)act as a liaison between the Bureau and any affected person with respect to any problem that such party may have in dealing with the Bureau, resulting from the regulatory activities of the Bureau; and<br>(ii)assure that safeguards exist to encourage complainants to come forward and preserve confidentiality. | CFPB Ombudsman |
| 12 U.S.C. 5493(b)(1) | CFPA | Research. The Director shall establish a unit whose functions shall include researching, analyzing, and reporting on ... [a number of items] | Office of Research |
| 12 U.S.C. 5493(b)(2) | CFPA | Community Affairs. The Director shall establish a unit whose funcitons shall incude providing information, guidance, and technical assistance regarding the offering and provision of consumer financial products or services to traditionally underserved consumers and communities. | Community Affairs |

| 12 U.S.C. 5493(b)(3)(A) | CFPA | The Director shall establish a unit whose functions shall include ... consumer complaints | Consumer Response/Complaints |
|---|---|---|---|
| 12 U.S.C. 5493(c)(1), (3) | CFPA | The Director shall establish within the Bureau the Office of Fair Lending and Equal Opportunity. . . . There is established the position of Assistant Director of the Bureau for Fair Lending and Equal Opportunity.... | Office of Fair Lending |
| 12 U.S.C. 5493(d)(1) | CFPA | The Director shall establish an Office of Financial Education, which shall be responsible for developing and implementing initiatives intended to educate and empower consumers to make better informed financial decisions. | Office of Financial Education |
| 12 U.S.C. 5493(e)(1) | CFPA | Office of Service Member Affairs. The Director shall establish an Office of Service Member Affairs which shall be responsible for developing and implementing initiatives for service members and their families intended to— (A) educate and empower service members and their families to make better informed decisions regarding consumer financial products and services; (B) coordinate with the unit of the Bureau established under subsection (b)(3), in order to monitor complaints by service members and their families and responses to those complaints by the Bureau or other appropriate Federal or State agency; and (C) coordinate efforts among Federal and State agencies, as appropriate, regarding consumer protection measures relating to consumer financial products and services offered to, or used by, service members and their families. | Office of Service Member Affairs |
| 12 U.S.C. 5493(g)(1)–(2) | CFPA | Office of Financial Protection for Older Americans. [T]he Director shall establish the Office of Financial Protection for Older Americans... [which] shall be headed by an assistant director. | Office of Older Americans |
| 12 U.S.C. 5535(a) | CFPA | The [Treasury] Secretary, in consultation with the Director, shall designate a Private Education Loan Ombudsman (in this section referred to as the ''Ombudsman'') within the Bureau, to provide timely assistance to borrowers of private education loans. | Student Loan Ombudsman |
| 44 U.S.C. 3506(a)(2) | PRA | The head of each agency [including CFPB] shall designate a Chief Information Officer, who shall head an office responsible for ensuring agency compliance with and prompt, efficient, and effective implementation of the information policies and information resources management responsibilities established under this subchapter, including the reduction of information collection burdens on the public. | Chief Information Officer |
| 44 U.S.C. 3506(c) | PRA | With respect to the collection of information and the control of paperwork, each agency shall—<br>(1)establish a process within the office headed by the Chief Information Officer designated under subsection (a), that is sufficiently independent of program responsibility to evaluate fairly whether proposed collections of information should be approved under this subchapter, to [carry out a list of specified duties] | Chief Information Officer |

| 44 U.S.C. 3520 | Evidence Act/OGDA | The head of each agency [including CFPB] shall designate a nonpolitical appointee employee in the agency as the Chief Data Officer of the agency. | Chief Data Officer |
|---|---|---|---|
| 44 U.S.C. 3554(a)(3) | FISMA | [Requiring designation of an agency information security officer, who shall head an office with the mission and resources to assist in ensuring agency compliance with this section.] | Information Security Officer |

**Other Roles of Bureau Officials**

| 12 U.S.C. 1812(a)(1)(B) | FDIA | [Director shall be a member of the FDIC Board of Directors] | |
|---|---|---|---|
| 12 U.S.C. 3303(a)(4) | FIRIRCA | [Director shall be a member of the FFIEC] | |
| 12 U.S.C. 3310 | FFIEC | There shall be within the Council a subcommittee to be known as the "Appraisal Subcommittee", which shall consist of the designees of the heads of the Federal financial institutions regulatory agencies, the Bureau of Consumer Financial | |
| 12 U.S.C. 5321(b)(1)(D) | DFA | [Director shall be a voting member of the Financial Stability Oversight Council] | |

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 5 U.S.C. 552 | FOIA | [Requirements for establishing a Freedom of Information Act program.] | |
| 5 U.S.C. 552a | Privacy Act | [Requirements for establishing a Privacy Act compliance program.] | |
| 5 U.S.C. 553(e) | APA | Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule. | |
| 5 U.S.C. 555(e) | APA | Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial. | |
| Pub. L. No. 104–121 (1996), sec. 212 (5 U.S.C. 601(note)) | SBREFA | "For each rule or group of related rules for which an agency is required to prepare a final regulatory flexibility analysis under section 605(b) of title 5, United States Code, the agency shall publish 1 or more guides to assist small entities in complying with the rule and shall entitle such publications 'small entity compliance guides'." | |
| Pub. L. No. 104–121 (1996), sec. 213(a) (5 U.S.C. 601(note)) | SBREFA | Whenever appropriate in the interest of administering statutes and regulations within the jurisdiction of an agency which regulates small entities, it shall be the practice of the agency to answer inquiries by small entities concerning information on, and advice about, compliance with such statutes and regulations, interpreting and applying the law to specific sets of facts supplied by the small entity. | |
| 12 U.S.C. 5106(a)(1) | SAFE Act | The Bureau shall develop and maintain a system for registering employees of a depository institution, employees of a subsidiary that is owned and controlled by a depository institution and regulated by a Federal banking agency, or employees of an institution regulated by the Farm Credit Administration, as registered loan originators with the Nationwide Mortgage Licensing System and Registry. | NMLS Registry |
| 12 U.S.C. 5452 | DFA | [Listing the duties of OMWI] | Duties of OMWI |
| 12 U.S.C. 5493(a)(5) | CFPA | [T]he Bureau shall appoint an ombudsman [which] shall—<br>(i)act as a liaison between the Bureau and any affected person with respect to any problem that such party may have in dealing with the Bureau, resulting from the regulatory activities of the Bureau; and<br>(ii)assure that safeguards exist to encourage complainants to come forward and preserve confidentiality. | Duties of the CFPB Ombudsman |

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 12 U.S.C. 5493(b)(1) | CFPA | The Director shall establish a unit whose functions shall include researching, analyzing, and reporting on—<br>(A)developments in markets for consumer financial products or services, including market areas of alternative consumer financial products or services with high growth rates and areas of risk to consumers;<br>(B)access to fair and affordable credit for traditionally underserved communities;<br>(C)consumer awareness, understanding, and use of disclosures and communications regarding consumer financial products or services;<br>(D)consumer awareness and understanding of costs, risks, and benefits of consumer financial products or services;<br>(E)consumer behavior with respect to consumer financial products or services, including performance on mortgage loans; and<br>(F)experiences of traditionally underserved consumers, including un-banked and under-banked consumers. | Duties of the Office of Research |
| 12 U.S.C. 5493(b)(3)(A) | CFPA | The Director shall establish a unit whose functions shall include establishing a single, toll-free telephone number, a website, and a database or utilizing an existing database to facilitate the centralized collection of, monitoring of, and response to consumer complaints regarding consumer financial products or services. | Functions of Consumer Response/Complaint Unit |
| 12 U.S.C. 5493(b)(3)(A) | CFPA | The Director shall coordinate with the Federal Trade Commission or other Federal agencies to route complaints to such agencies, where appropriate. | Functions of Consumer Response/Complaint Unit |
| 12 U.S.C. 5493(b)(3)(D) | CFPA | To facilitate preparation of the reports required under subparagraph (C), supervision and enforcement activities, and monitoring of the market for consumer financial products and services, the Bureau shall share consumer complaint information with prudential regulators, the Federal Trade Commission, other Federal agencies, and State agencies, subject to the standards applicable to Federal agencies for protection of the confidentiality of personally identifiable information and for data security and integrity. The prudential regulators, the Federal Trade Commission, and other Federal agencies shall share data relating to consumer complaints regarding consumer financial products and services with the Bureau, subject to the standards applicable to Federal agencies for protection of confidentiality of personally identifiable information and for data security and integrity. | Complaint Data Sharing |

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 12 U.S.C. 5493(c)(2) | CFPA | The Office of Fair Lending and Equal Opportunity shall have such powers and duties as the Director may delegate to the Office, including—<br>(A)providing oversight and enforcement of Federal laws intended to ensure the fair, equitable, and nondiscriminatory access to credit for both individuals and communities that are enforced by the Bureau, including the Equal Credit Opportunity Act [15 U.S.C. 1691 et seq.] and the Home Mortgage Disclosure Act [12 U.S.C. 2801 et seq.];<br>(B)coordinating fair lending efforts of the Bureau with other Federal agencies and State regulators, as appropriate, to promote consistent, efficient, and effective enforcement of Federal fair lending laws;<br>(C)working with private industry, fair lending, civil rights, consumer and community advocates on the promotion of fair lending compliance and education; and<br>(D)providing annual reports to Congress on the efforts of the Bureau to fulfill its fair lending mandate. | Duties of the Office of Fair Lending |
| 12 U.S.C. 5493(d)(2) | CFPA | The Office of Financial Educaiton shall develop and implement a strategy ....in consultation with the Financial Literacy and Education Commission, consistent with the National Strategy for Financial Literacy. [Includes a list of activiites..] | Duties of the Office of Financial Education |

DX-07_007

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 12 U.S.C. 5493(g)(3) | CFPA | The Office [of Older Americans] shall—<br>(A)develop goals for programs that provide seniors financial literacy and counseling, including programs that—<br>(i)help seniors recognize warning signs of unfair, deceptive, or abusive practices, protect themselves from such practices;<br>(ii)provide one-on-one financial counseling on issues including long-term savings and later-life economic security; and<br>(iii)provide personal consumer credit advocacy to respond to consumer problems caused by unfair, deceptive, or abusive practices;<br>(B)monitor certifications or designations of financial advisors who advise seniors and alert the Commission and State regulators of certifications or designations that are identified as unfair, deceptive, or abusive;<br>. . .<br>(D)conduct research to identify best practices and effective methods, tools, technology and strategies to educate and counsel seniors about personal finance management with a focus on—<br>(i)protecting themselves from unfair, deceptive, and abusive practices;<br>(ii)long-term savings; and<br>(iii)planning for retirement and long-term care;<br>(E)coordinate consumer protection efforts of seniors with other Federal agencies and State regulators, as appropriate, to promote consistent, effective, and efficient enforcement; and<br>(F)work with community organizations, non-profit organizations, and other entities that are involved with educating or assisting seniors (including the National Education and Resource Center on Women and Retirement Planning). | Duties of the Office of Older Americans |
| 12 U.S.C. 5494 | CFPA | The Director shall establish a Consumer Advisory Board to advise and consult with the Bureau in the exercise of its functions under the Federal consumer financial laws, and to provide information on emerging practices in the consumer financial products or services industry, including regional trends, concerns, and other relevant information. | Consumer Advisory Board |
| 12 U.S.C. 5499 | CFPA | All public data assets published by the Bureau shall be—<br>(1)made available as an open Government data asset (as defined in section 3502 of title 44);<br>(2)freely available for download;<br>(3)rendered in a human-readable format; and<br>(4)accessible via application programming interface where appropriate. | |

DX-07_008

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 12 U.S.C. 5511 | CFPA | The primary functions of the Bureau are—<br>(1)conducting financial education programs;<br>(2)collecting, investigating, and responding to consumer complaints;<br>(3)collecting, researching, monitoring, and publishing information relevant to the functioning of markets for consumer financial products and services to identify risks to consumers and the proper functioning of such markets;<br>(4)subject to sections 5514 through 5516 of this title, supervising covered persons for compliance with Federal consumer financial law, and taking appropriate enforcement action to address violations of Federal consumer financial law;<br>(5)issuing rules, orders, and guidance implementing Federal consumer financial law; and<br>(6)performing such support activities as may be necessary or useful to facilitate the other functions of the Bureau. | Primary Functions of the CFPB |
| 12 U.S.C. 5512(c)(1), (3)(A) | CFPA | (1) In order to support its rulemaking and other functions, the Bureau shall monitor for risks to consumers in the offering or provision of consumer financial products or services, including developments in markets for such products or services. | Market Monitoring |
| 12 U.S.C. 5512(c)(8) | CFPA | In collecting information from any person, publicly releasing information held by the Bureau, or requiring covered persons to publicly report information, the Bureau shall take steps to ensure that proprietary, personal, or confidential consumer information that is protected from public disclosure under [the Freedom of Information Act] or [the Privacy Act of 1974], or any other provision of law, is not made public under this title. | |
| 12 U.S.C. 5514(b)(1) | CFPA | The Bureau shall require reports and conduct examinations on a periodic basis of persons described in subsection (a)(1) for purposes of—<br>(A)assessing compliance with the requirements of Federal consumer financial law;<br>(B)obtaining information about the activities and compliance systems or procedures of such person; and<br>(C)detecting and assessing risks to consumers and to markets for consumer financial products and services. | Supervision of Nondepository Covered Persons |
| 12 U.S.C. 5514(b)(2) | CFPA | The Bureau shall exercise its authority under paragraph (1) in a manner designed to ensure that such exercise, with respect to persons described in subsection (a)(1), is based on the assessment by the Bureau of the risks posed to consumers in the relevant product markets and geographic markets, and taking into consideration [various factors]. | Risk-Based Supervision Program for Supervision of Nondepository Covered Persons |

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 12 U.S.C. 5515(b)(1) | CFPA | The Bureau shall have exclusive authority to require reports and conduct examinations on a periodic basis of persons described in subsection (a) for purposes of—<br>(A)assessing compliance with the requirements of Federal consumer financial laws;<br>(B)obtaining information about the activities subject to such laws and the associated compliance systems or procedures of such persons; and<br>(C)detecting and assessing associated risks to consumers and to markets for consumer financial products and services. | Supervision of Very Large Banks, Savings Associations, and Credit Unions |
| 12 U.S.C. 2804(b)(5)(B)<br>15 U.S.C. 1639c(b)(2)(B), (c)(2) | HMDA, TILA | HMDA: [Requiring entities to report] the difference between the annual percentage rate associated with the loan and a benchmark rate or rates for all loans.<br>TILA: The Bureau—<br>(A)shall publish, and update at least weekly, average prime offer rates;<br>(B)may publish multiple rates based on varying types of mortgage transactions; and<br>(C)shall adjust the thresholds established under subclause (I), (II), and (III) of paragraph (1)(B)(ii) as necessary to reflect significant changes in market conditions and to effectuate the purposes of the Mortgage Reform and Anti-Predatory Lending Act. | APOR |
| 12 U.S.C. 5499 | FDTA | All public datasets published by the Bureau shall be--(1) made available as an open Government data asset; (2) freely available for download; (3) rendered in a human-readable format; and (4) accessible via application programming interface where appropriate. | |
| 12 U.S.C. 5534 | CFPA | (a) The Bureau shall establish, in consultation with the appropriate Federal regulatory agencies, reasonable procedures to provide a timely response to consumers, in writing where appropriate, to complaints against, or inquiries concerning, a covered person, including [list of duties]<br>(b) A covered person subject to supervision and primary enforcement by the Bureau pursuant to section 5515 of this title shall provide a timely response, in writing where appropriate, to the Bureau, the prudential regulators, and any other agency having jurisdiction over such covered person concerning a consumer complaint or inquiry, including [list of duties] | Consumer Response Duties |

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 12 U.S.C. 5535(b) | CFPA | The Ombudsman designated under this subsection shall—<br>(1)in accordance with regulations of the Director, receive, review, and attempt to resolve informally complaints from borrowers of loans described in subsection (a), including, as appropriate, attempts to resolve such complaints in collaboration with the Department of Education and with institutions of higher education, lenders, guaranty agencies, loan servicers, and other participants in private education loan programs;<br>(2)not later than 90 days after the designated transfer date, establish a memorandum of understanding with the student loan ombudsman established under section 1018(f) of title 20, to ensure coordination in providing assistance to and serving borrowers seeking to resolve complaints related to their private education or Federal student loans;<br>(3)compile and analyze data on borrower complaints regarding private education loans; and<br>(4)make appropriate recommendations to the Director, the Secretary, the Secretary of Education, the Committee on Banking, Housing, and Urban Affairs and the Committee on Health, Education, Labor, and Pensions of the Senate and the Committee on Financial Services and the Committee on Education and Labor of the House of Representatives. | Duties of the Student Loan Ombudsman |
| 12 U.S.C. 5561 et seq. | CFPA | [Enforcement Powers of the CFPB] | |
| 12 U.S.C. 2803(a) | HMDA | [Requiring entities to submit HMDA data annually and make it available under systems prescribed by the Bureau, which, by regulation, require submission to, as well as processing and publication by the Bureau.] | HMDA Submission |
| 12 U.S.C. 2803(e) | HMDA | [T]the Bureau shall prescribe a standard format for the disclosures required under this section. | HMDA Submission Format |
| 12 U.S.C. 2806(a)(1) | HMDA | [Requiring the CFPB, with other FFIEC agencies, to develop and maintain the HMDA gocoder tool.] | HMDA Geocoder |
| 12 U.S.C. 2809 | HMDA | (a) [Requiring the FFIEC to publish HMDA data and summary tables.]<br><br>(b) Staff and data processing resources<br>The Bureau shall provide staff and data processing resources to the Council to enable it to carry out the provisions of subsection (a).<br><br>(c) Availability to public<br>The data and tables required pursuant to subsection (a) shall be made available to the public by no later than December 31 of the year following the calendar year on which the data is based. | Annual HMDA Data Publication |
| 15 U.S.C. 1691c-2(f)(1) | ECOA | The data required to be compiled and maintained under this section by any financial institution shall be submitted annually to the Bureau. | Business Lending Data Submission |

| Title 5 of U.S.C. | Government Organization and Employees, Generally | [Requirements for the organization of the workforce.] | |
|---|---|---|---|
| 15 U.S.C. 1691c-2(f)(2) | ECOA | Information compiled and maintained under this section shall be—<br>(A)retained for not less than 3 years after the date of preparation;<br>(B)made available to any member of the public, upon request, in the form required under regulations prescribed by the Bureau;<br>(C)annually made available to the public generally by the Bureau, in such form and in such manner as is determined by the Bureau, by regulation. | Business Lending Data Publication |
| 15 U.S.C. 1691c-2(g) | ECOA | The Bureau shall issue guidance designed to facilitate compliance with the requirements of this section [1071], including assisting financial institutions in working with applicants to determine whether the applicants are women- owned, minority-owned, or small businesses for purposes of this section. | Business Lending Data Guidance |
| 15 U.S.C. 1704(a) | ILSA | A subdivision may be registered by filing with the Director [of the CFPB] a statement of record, meeting the requirements of this chapter and such rules and regulations as may be prescribed by the Director in furtherance of the provisions of this chapter. | ILSA Subdivision Registration |
| 29 U.S.C. 794d | Rehabilitation Act (Section 508) | When developing, procuring, maintaining, or using electronic and information technology, each Federal department or agency, including the United States Postal Service, shall ensure, unless an undue burden would be imposed on the department or agency, that the electronic and information technology allows, regardless of the type of medium of the technology—<br>(i) individuals with disabilities who are Federal employees to have access to and use of information and data that is comparable to the access to and use of the information and data by Federal employees who are not individuals with disabilities; and<br>(ii) individuals with disabilities who are members of the public seeking information or services from a Federal department or agency to have access to and use of information and data that is comparable to the access to and use of the information and data by such members of the public who are not individuals with disabilities. | |
| 44 U.S.C. 3101 et seq., 3301 et seq. | Federal Records Act | [Requirements for establishing a Federal Records Act compliance program.] | |
| 44 U.S.C. 3501 note | E-Government Act of 2002 | [Requirement to conduct privacy impact assessments related to the collection, maintenance, and dissemination of information in identifiable form.] | |
| 44 U.S.C. 3554(b) | FISMA | [Requirements for an agency-wide information security program.] | |

| | | | |
|---|---|---|---|
| 5 U.S.C. 602 | SBREFA | (a)During the months of October and April of each year, each agency shall publish in the Federal Register a regulatory flexibility agenda which shall contain—<br>(1)a brief description of the subject area of any rule which the agency expects to propose or promulgate which is likely to have a significant economic impact on a substantial number of small entities;<br>(2)a summary of the nature of any such rule under consideration for each subject area listed in the agenda pursuant to paragraph (1), the objectives and legal basis for the issuance of the rule, and an approximate schedule for completing action on any rule for which the agency has issued a general notice of proposed rulemaking,[1] and<br>(3)the name and telephone number of an agency official knowledgeable concerning the items listed in paragraph (1).<br>(b)Each regulatory flexibility agenda shall be transmitted to the Chief Counsel for Advocacy of the Small Business Administration for comment, if any.<br>(c)Each agency shall endeavor to provide notice of each regulatory flexibility agenda to small entities or their representatives through direct notification or publication of the agenda in publications likely to be obtained by such small entities and shall invite comments upon each subject area on the agenda. | Regulatory Agenda |
| 12 U.S.C. 5452(e) | DFA | Each Office shall submit to Congress an annual report regarding the actions taken by the agency and the Office pursuant to this section, which shall include—<br>(1)a statement of the total amounts paid by the agency to contractors since the previous report;<br>(2)the percentage of the amounts described in paragraph (1) that were paid to contractors described in subsection (c)(1);<br>(3)the successes achieved and challenges faced by the agency in operating minority and women outreach programs;<br>(4)the challenges the agency may face in hiring qualified minority and women employees and contracting with qualified minority-owned and women-owned businesses; and<br>(5)any other information, findings, conclusions, and recommendations for legislative or agency action, as the Director determines appropriate. | OMWI Report |
| 12 U.S.C. 5493(b)(3)(C) | CFPA | Reports to Congress. The Director shall present an annual report to Congress...on the complaints received ... | Consumer Complaint Reporting |
| 12 U.S.C. 5493(c)(2)(D)<br>15 U.S.C. 1691f | CFPA, ECOA | [The Office of Fair Lending shall] provid[e] annual reports to Congress on the efforts of the Bureau to fulfill its fair lending mandate. | Fair Lending/ECOA Annual Report |
| 12 U.S.C. 5493(d)(4) | CFPA | [T]he Director shall [annually] submit a report on its financial literacy activities and strategy to improve financial literacy of consumers to—<br>(A)the Committee on Banking, Housing, and Urban Affairs of the Senate; and<br>(B)the Committee on Financial Services of the House of Representatives. | Financial Literacy Reports |

| | | | |
|---|---|---|---|
| 12 U.S.C. 5496(b)–(c) | CFPA | [Requiring the Bureau to prepare and submit before each semi-annual Congressional hearing reports that] shall include—(1) a discussion of the significant problems faced by consumers in shopping for or obtaining consumer financial products or services; (2) a justification of the budget request of the previous year; (3) a list of the significant rules and orders adopted by the Bureau, as well as other significant initiatives conducted by the Bureau, during the preceding year and the plan of the Bureau for rules, orders, or other initiatives to be undertaken during the upcoming period; (4) an analysis of complaints about consumer financial products or services that the Bureau has received and collected in its central database on complaints during the preceding year; (5) a list, with a brief statement of the issues, of the public supervisory and enforcement actions to which the Bureau was a party during the preceding year; (6) the actions taken regarding rules, orders, and supervisory actions with respect to covered persons which are not credit unions or depository institutions; (7) an assessment of significant actions by State attorneys general or State regulators relating to Federal consumer financial law; (8) an analysis of the efforts of the Bureau to fulfill the fair lending mission of the Bureau; and (9) an analysis of the efforts of the Bureau to increase workforce and contracting diversity consistent with the procedures established by the Office of Minority and Women Inclusion. | Semi-Annual Reports to Congress |
| 12 U.S.C. 5497(a)(4)(A)-(D) | CFPA | The Bureau shall prepare annual financial statements and implement and maintain financial management systems. The Director shall provide to the Office of Management and Budget copies of the financial operating plans and forecasts and provide to the Comptroller General an assertion as to the effectiveness of the Bureau's internal financial controls. | |
| 12 U.S.C. 5497(e)(4) | CFPA | ANNUAL REPORT.—The Director shall prepare and submit a report, on an annual basis, to the Committee on Appropriations of the Senate and the Committee on Appropriations of the House of Representatives regarding the financial operating plans and forecasts of the Director, the financial condition and results of operations of the Bureau, and the sources and application of funds of the Bureau, including any funds appropriated in accordance with this subsection. | Annual Financial Report |
| 12 U.S.C. 5512(c)(1), (3)(A) | CFPA | (1) In order to support its rulemaking and other functions, the Bureau shall monitor for risks to consumers in the offering or provision of consumer financial products or services, including developments in markets for such products or services.<br>(3)(A) The Bureau shall publish not fewer than 1 report of significant findings of its monitoring required by this subsection in each calendar year, beginning with the first calendar year that begins at least 1 year after the designated transfer date. | Market Monitoring and Reporting |
| 12 U.S.C. 5512(d) | CFPA | (1)The Bureau shall conduct an assessment of each significant rule or order adopted by the Bureau under Federal consumer financial law. The assessment shall address, among other relevant factors, the effectiveness of the rule or order in meeting the purposes and objectives of this title and the specific goals stated by the Bureau. The assessment shall reflect available evidence and any data that the Bureau reasonably may collect.<br>(2) The Bureau shall publish a report of its assessment under this subsection not later than 5 years after the effective date of the subject rule or order.<br>(3) Before publishing a report of its assessment, the Bureau shall invite public comment on recommendations for modifying, expanding, or eliminating the newly adopted significant rule or order. | Significant Rule Five-Year Assessment |
| 12 U.S.C. 5535(d) | CFPA | The Ombudsman shall prepare an annual report that describes the activities, and evaluates the effectiveness of the Ombudsman during the preceding year. | Student Loan Ombudsman Report |

| 12 U.S.C. 2604 | RESPA | The Director of the Bureau of Consumer Financial Protection (hereafter in this section referred to as the "Director") shall prepare, at least once every 5 years, a booklet to help consumers applying for federally related mortgage loans to understand the nature and costs of real estate settlement services. The Director shall prepare the booklet in various languages and cultural styles, as the Director determines to be appropriate, so that the booklet is understandable and accessible to homebuyers of different ethnic and cultural backgrounds. The Director shall distribute such booklets to all lenders that make federally related mortgage loans. The Director shall also distribute to such lenders lists, organized by location, of homeownership counselors certified under section 1701x(e) of this title for use in complying with the requirement under subsection (c) of this section. | Home Buyer's Guide |
|---|---|---|---|
| 12 U.S.C. 2807 | HMDA | The Bureau, in consultation with the Secretary of Housing and Urban Development, shall report annually to the Congress on the utility of the requirements of section 2803(b)(4) of this title. | HMDA Annual Report |
| 15 U.S.C. 1637(r)(e) | TILA/CARD Act | The Bureau shall submit to the Congress, and make available to the public, an annual report that lists the information concerning credit card agreements submitted to the Bureau under paragraph (2) by each institution of higher education, alumni organization, or foundation. | CARD Act Annual Report |
| 15 U.S.C. 1693p | EFTA | [T]he Bureau shall make [annual] reports to the Congress concerning the administration of its functions under this subchapter, including such recommendations as the Bureau deems necessary and appropriate. In addition, each report of the Bureau shall include its assessment of the extent to which compliance with this subchapter is being achieved, and a summary of the enforcement actions taken under section 1693o [1] of this title. | EFTA Annual Report |
| 15 U.S.C. 1692m(a) | FDCPA | Not later than one year after the effective date of this subchapter and at one-year intervals thereafter, the Bureau shall make reports to the Congress concerning the administration of its functions under this subchapter, including such recommendations as the Bureau deems necessary or appropriate. In addition, each report of the Bureau shall include its assessment of the extent to which compliance with this subchapter is being achieved and a summary of the enforcement actions taken by the Bureau under section 1692l of this title. | FDCPA Annual Report |
| 15 U.S.C. 1613 | CCPA | Each year the Bureau shall make a report to the Congress concerning the administration of its functions under [the CCPA], including such recommendations as the Bureau deems necessary or appropriate. In addition, each report of the Bureau shall include its assessment of the extent to which compliance with the requirements imposed under this subchapter is being achieved. | CCPA Annual Report |
| Pub. L. No. 107-174, s 203(a), 116 Stat. 566 (2002) | NO FEAR Act | Subject to subsection (b), not later than 180 days after the end of each fiscal year, each Federal agency shall submit to the Speaker of the House of Representatives, the President pro tempore of the Senate, the Committee on Governmental Affairs of the Senate, the Committee on Government Reform of the House of Representatives, each committee of Congress with jurisdiction relating to the agency, the Equal Employment Opportunity Commission, and the Attorney General an annual report ... | |

| | | | |
|---|---|---|---|
| P.L. 105-270 s.2, (31 U.S.C. 501 (note)) | Federal Activities Inventory Reform Act of 1998 | Not later than the end of the third quarter of each fiscal year, the head of each executive agency shall submit to the Director of the Office of Management and Budget a list of activities performed by Federal Government sources for the executive agency that, in the judgment of the head of the executive agency, are not inherently governmental functions. .... Within a reasonable time after the date on which a notice of the public availability of a list is published under subsection (c), the head of the executive agency concerned shall review the activities on the list. Each time that the head of the executive agency considers contracting with a private sector source for the performance of such an activity, the head of the executive agency shall use a competitive process to select the source (except as may otherwise be provided in a law other than this Act, an Executive order, regulations, or any executive branch circular setting forth requirements or guidance that is issued by competent executive authority). | |
| 15 U.S.C. 1616(a) | CARD Act/TILA | Not later than 2 years after the effective date of this Act and every 2 years thereafter, except as provided in subsection (c)(2), the [Bureau] shall conduct a review, within the limits of its existing resources available for reporting purposes, of the consumer credit card market, | |
| Pub. L. No. 115-414, (31 U.S.C. 1105 (note)) | Good Accounting Obligation in Government Act | The GAO-IG Act requires agencies to "submit reports on outstanding recommendations in the annual budget justification submitted to Congress." | |
| Pub. L. No. 111-274 s. 5(b), (5 U.S.C. 301 (note)) | Plain Writing Act | Not later than 18 months after the date of enactment of this Act, and annually thereafter, the head of each agency shall publish on the plain writing section of the agency's website a report on agency compliance with the requirements of this Act. | |

| **Mandatory Annual Rules** | | |
|---|---|---|
| Pub. L. 111–203, Sec. 1100E(b) (2010) (15 U.S.C. 1603 (Note)) | CFPA/TILA | [T]he Bureau [of Consumer Financial Protection] shall adjust annually the dollar amounts described in sections 104(3) and 181(1) of the Truth in Lending Act [15 U.S.C. 1603(3), 1667(1)] (as amended by this section), by the annual percentage increase in the Consumer Price Index for Urban Wage Earners and Clerical Workers, as published by the Bureau of Labor Statistics, rounded to the nearest multiple of $100, or $1,000, as applicable. |
| Pub. L. 104-134, sec. 31001(s)(1); Pub. L. 114-74, sec. 701 | Inflation Adjustment Act | [Requires Federal agencies to adjust the civil penalty amounts within their jurisdictions for inflation not later than January 15 every year] |
| 12 U.S.C. 2808(b) | HMDA | Subject to paragraph (2), the dollar amount applicable with respect to institutions described in section 2802(2)(A) 1 of this title under the 2d sentence of subsection (a) shall be adjusted annually after December 31, 1996, by the annual percentage increase in the Consumer Price Index for Urban Wage Earners and Clerical Workers published by the Bureau of Labor Statistics. |
| 15 U.S.C. 1681j(f)(2) | FCRA | The Bureau shall increase the amount referred to in paragraph (1)(A)(i) [that consumers can be required to pay for a consumer report] on January 1 of each year, based proportionally on changes in the Consumer Price Index, with fractional changes rounded to the nearest fifty cents. |
| **Oustanding Mandatory Rules** | | |
| 12 U.S.C. 5533(a), (d) | CFPA | (a) Subject to rules prescribed by the Bureau, a covered person shall make available to a consumer, upon request, information in the control or possession of the covered person concerning the consumer financial product or service that the consumer obtained from such covered person, including information relating to any transaction, series of transactions, or to the account including costs, charges and usage data. The information shall be made available in an electronic form usable by consumers. . . . (d) The Bureau, by rule, shall prescribe standards applicable to covered persons to promote the development and use of standardized formats for information, including through the use of machine readable files, to be made available to consumers under this section. |

| | | |
|---|---|---|
| 15 U.S.C. 1639b(c)(3) | TILA | The Bureau shall prescribe regulations to prohibit— (A) mortgage originators from steering any consumer to a residential mortgage loan that— (i) the consumer lacks a reasonable ability to repay (in accordance with regulations prescribed under section 1639c(a) of this title); or (ii) has predatory characteristics or effects (such as equity stripping, excessive fees, or abusive terms); (B) mortgage originators from steering any consumer from a residential mortgage loan for which the consumer is qualified that is a qualified mortgage (as defined in section 1639c(b)(2) of this title) to a residential mortgage loan that is not a qualified mortgage; (C) abusive or unfair lending practices that promote disparities among consumers of equal credit worthiness but of different race, ethnicity, gender, or age; and (D) mortgage originators from— (i) mischaracterizing the credit history of a consumer or the residential mortgage loans available to a consumer; (ii) mischaracterizing or suborning the mischaracterization of the appraised value of the property securing the extension of credit; or (iii) if unable to suggest, offer, or recommend to a consumer a loan that is not more expensive than a loan for which the consumer qualifies, discouraging a consumer from seeking a residential mortgage loan secured by a consumer's principal dwelling from another mortgage originator. |
| 12 U.S.C. 3803(d) | AMTPA | The Bureau of Consumer Financial Protection shall— (1) review the regulations identified by the Comptroller of the Currency and the National Credit Union Administration, (as those rules exist on the designated transfer date), as applicable under paragraphs (1) through (3) of subsection (a); (2) determine whether such regulations are fair and not deceptive and otherwise meet the objectives of the Consumer Financial Protection Act of 2010; and (3) promulgate regulations under subsection (a)(4) after the designated transfer date. |

| 12 U.S.C. 5334 | FDTA | Not later than 18 months after December 23, 2022, the heads of the covered agencies [including CFPB] shall jointly issue proposed rules for public comment that establish data standards for—(A) the collections of information reported to each covered agency by financial entities under the jurisdiction of the covered agency; and (B) the data collected from covered agencies on behalf of the [FFIEC]. (2) Final rules. Not later than 2 years after December 23, 2022, the heads of the covered agencies shall jointly promulgate final rules that establish the data standards described in paragraph (1). |
|---|---|---|
| 12 U.S.C. 5498 | FDTA | The Bureau shall, by rule, adopt data standards for all collections of information that are regularly filed with or submitted to the Bureau. The data standards ... shall incorporate, and ensure compatibility with (to the extent feasible), all applicable data standards established in the rules promulgated under section 5334 of this title |
| 12 U.S.C. 5515(e)(4)(E) | CFPA | The Bureau and the prudential regulators shall prescribe rules to provide safeguards from retaliation against the insured depository institution, insured credit union, or other covered person described in subsection (a) instituting an appeal under this paragraph, as well as their officers and employees. |
| | | |
| **Other** | | |

| 12 U.S.C. 5551(c)(1) | CFPA | (1) Notice of proposed rule required<br>The Bureau shall issue a notice of proposed rulemaking whenever a majority of the States has enacted a resolution in support of the establishment or modification of a consumer protection regulation by the Bureau.<br>(2) Bureau considerations required for issuance of final regulation<br>Before prescribing a final regulation based upon a notice issued pursuant to paragraph (1), the Bureau shall take into account whether-<br>(A) the proposed regulation would afford greater protection to consumers than any existing regulation;<br>(B) the intended benefits of the proposed regulation for consumers would outweigh any increased costs or inconveniences for consumers, and would not discriminate unfairly against any category or class of consumers; and<br>(C) a Federal banking agency has advised that the proposed regulation is likely to present an unacceptable safety and soundness risk to insured depository institutions. |

| 5 U.S.C. 553 | APA | [Requirements for notice-and-comment rulemaking.] |
|---|---|---|
| 12 U.S.C. 5512(b)(2) | CFPA | In prescribing a rule under the Federal consumer financial laws—<br>(A)the Bureau shall consider—<br>(i)the potential benefits and costs to consumers and covered persons, including the potential reduction of access by consumers to consumer financial products or services resulting from such rule; and<br>(ii)the impact of proposed rules on covered persons, as described in section 5516 of this title, and the impact on consumers in rural areas;<br>(B)the Bureau shall consult with the appropriate prudential regulators or other Federal agencies prior to proposing a rule and during the comment process regarding consistency with prudential, market, or systemic objectives administered by such agencies; and<br>(C)if, during the consultation process described in subparagraph (B), a prudential regulator provides the Bureau with a written objection to the proposed rule of the Bureau or a portion thereof, the Bureau shall include in the adopting release a description of the objection and the basis for the Bureau decision, if any, regarding such objection, except that nothing in this clause shall be construed as altering or limiting the procedures under section 5513 of this title that may apply to any rule prescribed by the Bureau. |
| 5 U.S.C. 801(a)(1)(A) | Congressional Review Act | Before a rule can take effect, the Federal agency promulgating such rule shall submit to each House of the Congress and to the Comptroller General a report containing—<br>(i)a copy of the rule;<br>(ii)a concise general statement relating to the rule, including whether it is a major rule; and<br>(iii)the proposed effective date of the rule. |
| 44 U.S.C. 3506(c)(2) | Paperwork Reduction Act | [Requiring notice and comment in proposed rulemaking for any proposed collection of information.] |
| 5 U.S.C. 603–604 | SBREFA | [Requiring a regulatory flexibility analysis, which entails assessing whether a rule will have a significant impact on a substantial number of small entities, whenever agencies issue proposed and final rules. Additional substantial requirements follow if the rule has such an impact.] |

| | | |
|---|---|---|
| 42 U.S.C. 4332(c) | National Environmental Policy Act | [A]ll agencies of the Federal Government shall . . . consistent with the provisions of this chapter and except where compliance would be inconsistent with other statutory requirements, include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on—<br>(i)reasonably foreseeable environmental effects of the proposed agency action;<br>(ii)any reasonably foreseeable adverse environmental effects which cannot be avoided should the proposal be implemented;<br>(iii)a reasonable range of alternatives to the proposed agency action, including an analysis of any negative environmental impacts of not implementing the proposed agency action in the case of a no action alternative, that are technically and economically feasible, and meet the purpose and need of the proposal;<br>(iv)the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity; and<br>(v)any irreversible and irretrievable commitments of Federal resources which would be involved in the proposed agency action should it be implemented. |
| 44 U.S.C. 1505 | Federal Register | [Any documents of "general applicability and legal effect," a category that applies broadly to CFPB rulemaking, must be published in the Federal Register.] |
| Pub L. No. 107–347, § 206(d)(2) (44 U.S.C. 3501(note)) | E–Government Act of 2002 | Agency electronic dockets shall make publicly available online to the extent practicable, as determined by the agency in consultation with the Director—<br>(A)all submissions under section 553(c) of title 5, United States Code; and<br>(B)other materials that by agency rule or practice are included in the rulemaking docket under section 553(c) of title 5, United States Code, whether or not submitted electronically. |

**The CFPB is responsible for administering, though regulations and enforcement as appropriate, the**

the Alternative Mortgage Transaction Parity Act of 1982 (12 U.S.C. 3801 et seq.);

the Consumer Leasing Act of 1976 (15 U.S.C. 1667 et seq.);

the Electronic Fund Transfer Act (15 U.S.C. 1693 et seq.), except with respect to section 920 of that Act [15 U.S.C. 1693o–2];

the Equal Credit Opportunity Act (15 U.S.C. 1691 et seq.);

the Fair Credit Billing Act (15 U.S.C. 1666 et seq.);

the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.), except with respect to sections 615(e) and 628 of that Act (15 U.S.C. 1681m(e), 1681w);

the Home Owners Protection Act of 1998 (12 U.S.C. 4901 et seq.);

the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.);

subsections (b) through (f) of section 43 of the Federal Deposit Insurance Act (12 U.S.C. 1831t(c)[(b)]–(f));

sections 502 through 509 of the Gramm-Leach-Bliley Act (15 U.S.C. 6802–6809) except for section 505 [15 U.S.C. 6805] as it applies to section 501(b) [15 U.S.C. 6801(b)];

the Home Mortgage Disclosure Act of 1975 (12 U.S.C. 2801 et seq.);

the Home Ownership and Equity Protection Act of 1994 (15 U.S.C. 1601 note);

the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2601 et seq.);

the S.A.F.E. Mortgage Licensing Act of 2008 (12 U.S.C. 5101 et seq.);

the Truth in Lending Act (15 U.S.C. 1601 et seq.);

the Truth in Savings Act (12 U.S.C. 4301 et seq.);

section 626 of the Omnibus Appropriations Act, 2009 (Public Law 111–8) [12 U.S.C. 5538]; and

the Interstate Land Sales Full Disclosure Act (15 U.S.C. 1701).