IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br>                  *Plaintiffs*, <br><br>     v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br><br>                  *Defendants*. | Case No. 25-cv-381-ABJ |

## MOTION TO COMPEL

The defendants claim that they did not violate the preliminary injunction because they "determined, after a particularized assessment," that the employees they RIFed were "unnecessary to the performance of [CFPB's] statutory duties." To support this assertion, they submitted a declaration from Mark Paoletta, the Chief Legal Officer of the CFPB, claiming to have conducted the required assessment—along with Victoria Dorfman and Daniel Shapiro. Paoletta Decl. ¶ 6. Yet now, the defendants seek to withhold information related to how they conducted that supposed assessment under the guise of privilege. They cannot have it both ways. The defendants cannot rely on Paoletta's testimony and then shield the documents that would enable the plaintiffs and the Court to assess that testimony. Given the centrality of Paoletta's purported assessment to the show-cause hearing, this Court should reject (or at least investigate in camera) the defendants' attempts to hide the discussions regarding this very assessment.

## BACKGROUND

The defendants cannot issue a notice of reduction in force unless they "have determined, after a particularized assessment," that the employees receiving the notice are "unnecessary to the

performance of defendants' statutory duties." Stay Order 1. But the day after the D.C. Circuit issued this order, the defendants began to execute a RIF that, if implemented, would terminate nearly 90% of the CFPB's employees.

The plaintiffs quickly filed a motion asking this Court to issue an order to show cause why the defendants had not violated its preliminary injunction order. The Court scheduled an evidentiary hearing, and ordered the defendants to produce discovery responses for up to five requests for production by noon on Tuesday, April 22. The defendants produced documents in waves, up to Friday, April 25, and were unable to provide a final privilege log until Sunday, April 27. In total, across its productions, the defendants withheld or redacted 51 documents.

***First Privilege Log, Ex. A:*** The withheld documents on the defendants' first privilege log relate to three distinct email chains:

1. Documents 1-4 were sent on April 13, 2024 responding to or forwarding an email titled "Proposed CFPB RIF List." Three of the emails are between R. Vought, M. Paoletta*, G. Kliger, and J. Lewin*.[1] The fourth was forwarded from M. Paoletta to A. Martinez. They are uniformly described as "reflecting confidential predecisional deliberations concerning which positions are statutorily required, discussions of the litigation, and seeking legal advice concerning that topic." Each was withheld on the basis of deliberative process privilege, attorney-client privilege, and work product.

2. Documents 5, 7-10 were sent on the same day in response to an email titled "CFPB RIF Work." The emails include, in various combinations, R. Vought, A. Martinez, J. Gueye, M.

---

[1] Following the privilege logs, we designate attorneys with asterisks. J. Lewin is not marked with an asterisk on the first privilege log but is on the second. The same is true for D. Shapiro. We believe both are attorneys, although the defendants' production demonstrates that they were not—or at least not always—acting in a legal capacity.

2

Paoletta*, D. Shapiro*, V. Dorfman*, A. Boizelle*, S. Davis, J. Lewin*, G. Kliger, C. Chilbert, J. Bishop, J. Fox*, and E. McArthur*. The emails are described as "reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic." Each was withheld on the basis of attorney-client privilege, deliberate process privilege, and work product.

3. Documents 11-23 are ambiguously titled or responding to "Call." All but the last of these emails are between J. Burnham*, M. Paoletta*, J. Mascott*, and A. Boizelle*. These emails are described as a "chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation." The defendants assert attorney-client privilege, work product protection, and presidential-communication privilege. The last email adds D. Shapiro to the recipients and deliberative-process privilege to the bases for withholding.

***Second Privilege Log, Ex. B:*** The withheld and redacted documents on the second privilege log concern a broader mix of documents, which we've grouped for the Court's reference as follows:[2]

1. Document A appears to relate to the first category of withheld documents above. Second Privilege Log at 19. It is an email titled "Proposed CFPB RIF List" sent on April 13, 2025 from J. Lewin* to M. Paoletta*, R. Vought, and G. Kliger. Unlike above, however, the defendants only assert attorney-client privilege and work product protection over this document. They do not assert deliberative process privilege over this document.

---

[2] On the second privilege log, there were five unnumbered documents between Document 19 and Document 21. For convenience, we have marked those entries as documents A-D in the attached privileged logs. There is an additional unmarked document in the defendants' third privilege log, which we have marked in that log as Document F. The attached privilege logs are otherwise unchanged from those the government provided the plaintiffs.

2. Documents 2-5, 9-13, 15-16, 21-22, 24, B, and C appear to relate to the second category of withheld documents above. They are each titled "CFPB RIF Work" and dated April 13, 2025 (with the exception of Document 21 which is undated). Recipients include R. Vought, A. Martinez, J. Gueye, M. Paoletta*, D. Shapiro*, V. Dorfman*, A. Boizelle*, S. Davis, J. Lewin*, G. Kliger, C. Chilbert, and (for some but not all) J. Bishop. As above, defendants assert deliberative process privilege, attorney-client privilege, and work product protection. Document 26 has the same title and distribution list, but is dated April 21, 2025. It is being withheld on the same three bases.

3. Document 27 is an email titled "CFPB RIF" dated April 15, 2025 from J. Mascott* to R. Vought, D. Warrington*, and M. Paoletta*. Like the third category of withheld documents above, the defendants assert the presidential-communication privilege over this document (in addition to the deliberate-process privilege, attorney-client privilege, and work product protection).

4. The remaining documents do not fit neatly into a category.

- Document 1 is an email titled "Reference Material" sent on February 25, 2025 from A. Martinez to A. Stout* for which the defendants assert attorney-client privilege and work product protection. This has been fully withheld.

- Document 8 is an email from V. Dorfman* to A. Martinez on April 17, 2025 with a redacted title for which the defendants assert attorney-client privilege and work product protection.

- Document 17 is a copy of handwritten notes taken by J. McClung, a member of the RIF team, from April 14 to April 16, 2025 for which the defendants assert deliberative process privilege, attorney-client privilege, and work product protection. These notes are redacted.

- Documents 18-19 are spreadsheets by J. McClung titled "OPS Scenario Planning" from February 4 and April 14, 2025 for which the defendants assert deliberative process privilege and work product protection. These are redacted (or, more precisely, because these are Excel files, entire tabs have been removed).

- Document D is an email titled "Current Litigation" sent from G. Kliger to M. Paoletta* on April 18, 2025 for which the defendants assert attorney-client privilege and work product protection. Second Privilege Log at 10. This has been withheld.

- Another document is an email titled "CFPB Statutory Functions/RIF List" without a date that was sent from J. Lewin* to A. Boizelle*, J. Burnham*, J. Fox*, and A. Raynor* for which the defendants assert attorney-client privilege and work product protection. Second Privilege Log at 10. This has been redacted.

- Document 23 is an email titled "CFPB RIF Work" from A. Martinez to V. Dorfman* on April 17, 2025 for which the defendants assert attorney-client privilege. This has been withheld.

***Third Privilege Log, Ex. C***

There is only one document on this log. Document F is an email titled "FW: Proposed CFPB RIF List" from M. Paoletta* to A. Martinez on April 13, 2025 for which the defendants assert deliberative process and work product privilege. This has been withheld.

*Redactions in Document Produced by Gavin Kliger*

This is not on any of the defendants' logs, but the defendants informed the plaintiffs today that they had redacted portions of a document produced by Gavin Kliger, asserting that they are non-responsive.

## ARGUMENT

To justify their attempt to RIF 90% of the CFPB's workforce, the defendants rely on Mark Paoletta's claim that he, along with Victoria Dorfman and Daniel Shapiro, performed a particularized assessment.[3] But, they claim, documents related to this supposed assessment are privileged and must be withheld.[4] But the defendants cannot rely on Paoletta's testimony to try to prove that they conducted the required assessment, while shielding documents that would shed light on whether that testimony is true. Nor should the Court allow the defendants to shield portions of non-privileged documents based on their own assessment that those portions are irrelevant.

## I.    The defendants may not use the attorney-client privilege as both a sword and a shield.

**1.** To invoke the attorney-client privilege, the government bears the burden to "prove, through detailed and specific information, that the withheld information falls within the domain of the privilege." *Cause of Action Inst.*, 330 F. Supp. 3d at 347. The defendants cannot meet this burden. As an initial matter, it's not clear that the information they have withheld even involves legal advice. Document 17 on the second privilege log—redactions from notes taken by a member

---

[3] Paoletta has never identified by name the two people assisting him in his supposed particularized assessment, but the documents they produced make clear that it was Dorfman and Shapiro.

[4] Given the expedited nature of this proceeding, the plaintiffs do not currently challenge the defendants' assertions of presidential communication privilege (Documents 11-23 on the first privilege log and Document 27 on the second privilege log). They also are not at this time challenging the Document 25 on the second privilege log. The plaintiffs reserve the right to challenge these assertions after the hearing.

of the RIF team—the defendants do not list any lawyer at all. And, for other documents, while the participants may be lawyers, they may very well not be acting in that role. Mr. Paoletta, for example, is an attorney, but he also serves as the de facto "chief of staff" of the CFPB. April 10, 2025 Hearing Tr. at 72. And the evidence shows that DOGE, too, is involved in operational matters. *See, e.g., Id.* at 138. "[The mere fact that the communication involves a member of the bar does not end the inquiry." *Citizens for Responsibility and Ethics*, 538 F. Supp. 2d at 135. The privilege "does not extend to a government attorney's advice on political, strategic, or policy issues" and does not apply to the extent that a lawyer with mixed responsibilities provides advice outside of their "professional, legal capacity." *Citizens for Responsibility and Ethics*, 538 F. Supp. 2d at 135; *see also Am. Immigr. Council v. United States Dep't of Homeland Sec.*, 21 F. Supp. 3d 60, 79 (D.D.C. 2014) (citing *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984)).

**2.** Regardless, "the attorney-client privilege is waived when the client places otherwise privileged matters in controversy." *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 (D.C. Cir. 2015) (quoting *Ideal Elec. Ses. Co. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1998)); *see also Savignac v. Day*, 2025 WL 326591, at *4 (D.D.C. Jan. 29, 2025) (same). This "implied waiver doctrine" applies when "the privilege holder makes assertions, the truth of which can only be assessed by examination of privileged communications." *Savignac*, 2025 WL 326591, at *4 (quoting *Blue Lake Forest Prods. Inc. v. United States*, 75 Fed. Cl. 779, 783 (2007)). "Stated more generally, the attorney-client privilege 'may not be used both as a sword and a shield,' and, thus, '[w]here a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.'" *Id.*; *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991).

The defendants attempt to use Mr. Paoletta's declaration that he and two other CFPB lawyers (V. Dorfman and D. Shapiro) conducted a particularized assessment as a sword while simultaneously attempting to shield the conversations that went into this assessment because of their legal degrees. *See* Paoletta Decl. ¶¶ 6-18. But the defendants cannot "have [their] cake and eat it too." *Savignac*, 2025 WL 326591, at *12. The defendants have waived any attorney-client privilege that might otherwise attach by placing this purported assessment—and the steps they took to reach that decision—directly in controversy.

**3.** At the very least, this Court should review the documents in camera to determine whether the privilege applies and, if so, whether the withheld information falls within the waiver established by Paoletta's testimony that he conducted an assessment—the very subject the documents discuss. *See, e.g., Citizens for Responsibility and Ethics*, 538 F. Supp. 3d at 145-148 (finding privilege inapplicable after in camera review); *Cause of Action Institute v. U.S. Dep't of Justice*, 330 F. Supp. 3d 336, 347 (D.D.C. 2018) (disagreeing with the government's description after reviewing in camera).

**II.    The defendants may not rely on Paoletta's testimony that he conducted a particularized assessment and then use the work-product privilege to withhold documents about that supposed assessment.**

Relatedly, the attorney work-product doctrine protects "an attorney's opinions, mental impressions, or legal theories prepared in anticipation of litigation." *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 133 (D.D.C. 2012). It is "broader than the attorney-client privilege in that it is not restricted solely to confidential communications between an attorney and client" but "narrower, however, insofar as the doctrine protects only work performed in anticipation of litigation or for trial." *FTC v. Boehringer Ingelheim Parma., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015).

As with the attorney-client privilege, however, the protection against disclosure of facts and opinion, alike, can be waived if the privilege holder puts the matter in controversy. *Feld v. Fireman's Fund Ins. Co.*, 991 F. Supp. 2d 242, 256 (D.D.C. 2013); *cf. In re Kellogg Brown*, 796 F.3d at 145 (noting that the two privileges have to be analyzed separately but not holding that waiver was inapplicable to work product). Waiver of the work product protection is appropriate where "the privilege holder seeks to use the disclosed material for advantage in the litigation but to invoke the privilege to deny its adversary access to additional materials that could provide an important context for proper understanding of the privileged materials." *U.S. Airline Pilots Ass'n v. Pension Benefit Guaranty Corp.*, 274 F.R.D. 28, 32 (D.D.C. 2011) (quoting Wright et al., 8 Fed. Prac. & Proc. § 2016.2 (3d ed., 2010 update)). Again, Paoletta's declaration that he personally conducted the necessary assessment waives attorney-client privilege, work product protections likewise cannot shield his assessment from scrutiny.[5]

### III. The defendants cannot defend their conduct based on testimony that their deliberations constituted a particularized assessment and then assert deliberative process privilege over the information needed to evaluate that claim.

The deliberative process privilege is a form of executive privilege that "allows the government to withhold documents and other materials that would reveal "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *In re Sealed Case*, 121 F.3d at 737. To apply, the material must be

---

[5] Even if the protection has not been waived, the plaintiffs' need for these documents requires their disclosure. To the extent that any of the withheld material is *fact* work product, the plaintiffs need only demonstrate a "substantial need." *Boehringer*, 778 F.3d at 153. But even if all of the withheld materials are actually *opinion* work product, this is the extraordinary case where the plaintiffs have "extraordinary" need. *Id.* Whether CFPB leadership in fact conducted a particularized assessment of whether the CFPB could perform its statutory functions without the RIF'd employees is at the very heart of this hearing. And the person who claims to have made that assessment is also claiming privilege over the documents that could demonstrate if that's true.

both predecisional and deliberative. *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006).

Even if the privilege applies, however, it "can be overcome by a sufficient showing of need." *In re Sealed Case*, 121 F.3d at 737. This need determination must be "made flexibly on a case-by-case, ad hoc basis," and takes into account factors such as (1) the relevance of the evidence, (2) the availability of other evidence, (3) the seriousness of the litigation, (4) the role of the government, and (5) the possibility of future timidity by government employees. *Id.* In addition, courts will not allow the government to hide behind this privilege if "there is reason to believe the documents sought may shed light on government misconduct." *Id.*; *see also Doe 2 v. Esper*, 2019 WL 4394842, at *9 (D.D.C. Sept. 13, 2019).

The balance of these factors weighs heavily in favor of disclosure here. Whether the defendants conducted a particularized assessment of whether the Bureau could continue to perform its statutory functions post-RIF is not just important, but central, to the question of whether it can go forward. And the withheld documents seem to be direct evidence about the assessment they claimed to have conducted. The litigation is serious, potentially terminating around 1400 employees and effectively ending the Congressionally mandated work of a critical consumer-protection agency. And the government's very attempt to do so is alleged to have been in violation of this Court's order as partially stayed by the D.C. Circuit. As this Court summarized in another case, "good cause exists for disclosure because of the strong relevance of the evidence to the ultimate issue the Court must resolve . . ., the limited availability of other evidence, and the seriousness of the litigation." *United W. Bank v. Off. of Thrift Supervision*, 853 F. Supp. 2d 12, 17-18 (D.D.C. 2012).

## IV.    There is no basis for the defendants to withhold portions of a document as non-responsive.

"There is no express or implied support for the" assertion that "a party [may] scrub responsive documents of non-responsive information." *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, No. 2:05-CV-555, 2008 WL 4462301, at *2 (W.D. Pa. Sept. 30, 2008). "The Federal Rules of Evidence favor the *complete* production of non-privileged evidence if some portion of the evidence is deemed responsive." *Karnoski v. Trump*, No. C17-1297 MJP, 2020 WL 2736961, at *1 (W.D. Wash. Mar. 4, 2020) (collecting cases). "To hold otherwise is to permit the producing party to essentially unilaterally redact otherwise responsive discovery." *Id.*

The defendants may not redact the parts of the document Mr. Kliger produced simply because they believe those portions are non-responsive.

## CONCLUSION

This Court should review in camera the documents redacted or withheld on the basis of privilege or simply overrule the assertion of privilege. It should also order the defendants to produce the portions of Mr. Kliger's document that are redacted on the basis of nonresponsiveness.


Dated: April 27, 2025

*/s/ Deepak Gupta*
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (D.C. Bar. 1046738)
Michael Skocpol (DC Bar No. 1659449)
Gabriel Chess (DC Bar No. 90019245)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (pro hac vice)
Gupta Wessler LLP
505 Montgomery Street

Respectfully submitted,

*/s/ Wendy Liu*
Wendy Liu (DC Bar No. 1600942)
Adina Rosenbaum (D.C. Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)

San Francisco, CA 94111                    Deputy General Counsel
(415) 573-0335                             Allison C. Giles (DC Bar No. 439705)
                                           Assistant Counsel
*Counsel for Plaintiffs*                   National Treasury Employees Union
                                           800 K Street, NW, Suite 1000
                                           Washington, DC 20001
                                           (202) 572-5500

                                           *Counsel for Plaintiff National Treasury*
                                           *Employees Union*

# EXHIBIT A

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| File Name | BATES RANGE | PRODUCTION | DOC TYPE | SUBJECT | DATE | FROM | TO | CC | SUBJECT MATTER | PRIVILEGE ASSERTION |
|---|---|---|---|---|---|---|---|---|---|---|
| 1Proposed CFPB RIF List -- WITHHOLD IN FULL | | | Email | Proposed CFPB RIF List | Apr. 13, 2025 | Lewin, J. | *Paoletta, M.; Vought, R. | Kliger, G. | Email attaching spreadsheet of CFPB employees and positions and reflecting confidential predecisional deliberations concerning which positions are statutorily required, discussions of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
| 2RE Proposed CFPB RIF List -- WITHHOLD IN FULL | | | Email | RE: Proposed CFPB RIF List | Apr. 13, 2025 | *Paoletta, M. | Lewin, J.; *Paoletta, M.; Vought, R. | Kliger, G. | Email chain reflecting confidential predecisional deliberations concerning which positions are statutorily required, discussions of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
| 3FW_ Proposed CFPB RIF List -- | | | Email | FW: Proposed CFPB RIF List | Apr. 13, 2025 | *Paoletta, M. | Martinez, A. | | Email chain reflecting confidential predecisional | DPP; ACP; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| WITHHOLD IN FULL | | | | | | | | | deliberations concerning which positions are statutorily required, discussion of the litigation, and seeking legal advice concerning that topic. | |
| 4Re Proposed CFPB RIF List 2 -- WITHHOLD IN FULL | | | Email | Re: Proposed CFPB RIF List | Apr. 13, 2025 | Lewin, J. | Lewin, J.; *Paoletta, M.; Vought, R. | Kliger, G. | Email chain reflecting confidential predecisional deliberations concerning which positions are statutorily required and seeking legal advice concerning that topic. | DPP; ACP; WP |
| 5CFPB RIF Work -- WITHHOLD IN FULL | | | Email | CFPB RIF Work | April 13, 2025 | Vought | Martinez, A.; Gueye, J.; *Paoletta, M; Shapiro, D.; *Dorfman, V; *Boizelle, A.; Davis, S.; Lewin, J.; Kliger, G.; Chilbert, C. | Bishop, J. | Email reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
| 7Re_CFPB RIF Work -2 -- | | | Email | Re: CFPB RIF Work | April 13, 2025 | Lewin, J | *Paoletta, M; Shapiro, D.; Boizelle, A.; | Bishop, J. | Email chain reflecting confidential predecisional | ACP; DPP; WP |

***National Treasury Employees Union v. Vought***, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| WITHHOLD IN FULL | | | | | | | *Dorfman, V; *Fox, J. | | deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | |
| 8 Re_CFPB RIF Work -3 -- WITHHOLD IN FULL | | | Email | Re: CFPB RIF Work | April 13, 2025 | Boizelle, A | Lewin, J; *Paoletta, M; Shapiro, D.; *Dorfman, V; *Fox, J. | Bishop, J. | Email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | ACP; DPP; WP |
| 9 Re_CFPB RIF Work -4 -- WITHHOLD IN FULL | | | Email | Re: CFPB RIF Work | April 13, 2025 | *Paoletta, M. | *Boizelle, A; Lewin, J; Shapiro, D.; *Dorfman, V; *Fox, J. | Bishop, J.; *McArthur, E. | Email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | ACP; DPP; WP |
| 10 Re_CFPB RIF Work -5 -- | | | Email | Re: CFPB RIF Work | April 13, 2025 | *Paoletta, M. | Vought, R.; Martinez, A.; Gueye, J.; Shapiro, D.; *Dorfman, V; | Bishop, J. | Email chain reflecting confidential predecisional deliberations | ACP; DPP; WP |

***National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| WITHHOLD IN FULL | | | | | | | *Boizelle, A.; Davis, S.; Lewin, J.; Kliger, G.; Chilbert, C. | concerning potential RIF, discussion of the litigation, and reflecting legal advice concerning that topic. | |
| 11 Call -- WITHHOLD IN FULL | | | Email | Call | Apr. 15, 2025 | *Burnham J. | *Paoletta, M.; *Mascott, J.; *Boizelle, A. | Email between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |
| 12 Re Call -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Paoletta, M. | *Burnham, J.; *Mascott, J.; *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 13 Re_ Call - 2 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Mascott, J. | *Paoletta, M. | *Burnham, J.; *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |
| 14 RE_ Call - 3 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Burnham, J. | *Mascott, J.; *Paoletta, M. | *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |
| 15 RE_ Call - 4 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Paoletta, M. | *Burnham, J.; *Mascott, J. | *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential | ACP; WP; PCP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | communication concerning the provision of legal advice regarding potential RIF in context of litigation. | |
| 16 RE_ Call - 5 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Burnham, J. | *Paoletta, M.; *Mascott, J. | *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |
| 17 RE Call - 6 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Mascott, J. | *Burnham, J. | *Paoletta, M.; *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 18 RE_ Call - 7 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Mascott, J. | *Burnham, J. | *Paoletta, M.; *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |
| 19 RE Call - 8 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Paoletta, M. | *Mascott, J.; *Burnham, J. | *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |
| 20 RE_ Call - 9 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Burnham , J. | *Paoletta, M.; *Mascott, J. | *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential | ACP; WP; PCP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | communication concerning the provision of legal advice regarding potential RIF in context of litigation. | |
| 21 RE_ Call - 10 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Paoletta, M. | *Mascott, J.; *Burnham, J. | *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |
| 22 RE_ Call - 11 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Mascott, J. | *Paoletta, M.; *Burnham, J. | *Boizelle, A. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; PCP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' First Privilege Log

| 23 RE_ Call - 12 -- WITHHOLD IN FULL | | | Email | Re: Call | Apr. 15, 2025 | *Mascott, J. | *Paoletta, M.; *Burnham, J. | *Boizelle, A.; Shapiro, D. | Email chain between attorneys in the Executive Office of the President and Mr. Paoletta reflecting confidential predecisional and deliberative communication concerning the provision of legal advice regarding potential RIF in context of litigation. | ACP; WP; DPP; PCP |
|---|---|---|---|---|---|---|---|---|---|---|

# EXHIBIT B

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| Doc # | File Name | BATES RANGE | PRODUCTION | DOC TYPE | SUBJECT | DATE | FROM | TO | CC | SUBJECT MATTER | PRIVILEGE ASSERTION |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Reference Material | N/A | | Email | Reference Material | Feb. 25, 2025 | Martinzez, Adam | *Stout, Abigal | | Email with DOJ counsel concrning RIF made for purposes of rendering legal advice in coinfdence without disclosure to outside parties and made in connection with litigation. | AC; WP |
| 2 | AM response RE_CFPB RIF Work_Redacted | CFPB_02391 to CFPB_02392 | 4.24 Martinez Production | Email | RE: CFPB RIF Work | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| 3 | FW_ CFPB RIF Work 1_Redacted | CFPB_02463 to CFPB_02464 | 4.24 Martinez Production | Email | FW: CFPB RIF Work | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
| 4 | RE_ CFPB RIF Work response_Redacted | CFPB_02594 to CFPB_02595 | 4.24 Martinez Production | Email | RE: CFPB RIF Work | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |

| 5 | FW_ CFPB RIF Work _Redacted | CFPB_02461 to CFPB_02462 | 4.24 Martinez Production | Email | FW: CFPB RIF Work | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Re: Privileged email vd and am – redacted | CFPB_02634-CFPB_02638 | 4.24 Martinez Production | Email | Re: Privileged: | Apr. 17, 2025 | *Dorfman, Victoria | Martinez, Adam | | Redacted email chain reflecting confidential legal advice concerning RIF and reflecting communications with DOJ counsel concerning litigation. | AC; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| 9 | RE: CFPB RIF Work Redacted | N/A | | Email | CFPB RIF WORK | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; AC; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| 10 | FW: CFPB RIF Work-5_ Redacted | CFPB_02752-CFPB_02753 | 4.24 Martinez Production | Email | CFPB RIF WORK | Apr. 13, 2025 | Paoletta, Mark; Vought, Russell | Vought, Russell; Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, including discussions with counsel for CFPB and DOJ and seeking legal advice concerning that topic. | DPP; AC; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| 11 | FW: CFPB RIF Work-6_ Redacted | CFPB_02754-CFPB_02755 | 4.24 Martinez Production | Email | CFPB RIF WORK | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | Re: CFPB RIF Work-2_ Redacted | CFPB_02768-CFPB_02769 | 4.24 2nd Production | Email | CFPB RIF WORK | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| 13 | Re: CFPB RIF Work-4_ Redacted | CFPB_02770-CFPB_02773 | 4.24 2nd Production | Email | CFPB RIF WORK | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | Re: CFPB RIF Work- Redacted | CFPB_01520 to CFPB_01522 | 4.23 5 PM Production | Email | CFPB RIF WORK | Apr. 13, 2025 | Vought, Russell | *Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| 16 | Re: CFPB RIF Work-Redacted | CFPB_02065 to CFPB_02068 | 4.23 5 PM Production | Email | CFPB RIF WORK | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | DPP; ACP; WP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 04142025 through 04162025 McCLung Meeting Notes Redacted | CFPB_03029 to CFPB_03035 | 4.24 4th Production | Handwritten Notes | Meeting Notes | Apr. 14, 2025 to Apr. 16, 2025 | McClung, Julia | | | Redacted handwritten notes reflecting confidential predecisional deliberations concernign RIF and reflecting legal advice in context of litigation. | DPP; AC; WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| 18 | Copy of OPS Scenario Planning (TABS REMOVED) | CFPB_02900 | 4.24 4th Production | Spreadsheet | OPS Scenario Planning | Apr. 14, 2025 | McClung, Julia | | | Redacted spreadsheet reflecting predecisional and deliberative discussion about potential RIF in context of litigation and reflecting legal analysis. | DPP; WP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | OPS Scenario Planning (TABS REMOVED) | CFPB_02901 | 4.24 4th Production | Spreadsheet | OPS Scenario Planning | Feb. 4, 2025 | McClung, Julia | | | Redacted spreadsheet reflecting predecisional and deliberative discussion about potential RIF in context of litigation and reflecting legal analysis. | DPP; WP |
| A | Re: Proposed CFPB RIF List | CFPB_03632 | 4.24 Kliger Production | Email | Proposed CFPB RIF List | Apr. 13, 2025 | *Lewin, Jeremy | *Paoletta, Mark; Vought, Russell; Kliger, Gavin | | Email chain reflecting confidential legal advice from counsel concerning RIF made in context of litigation. | AC/WP |

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Second Privilege Log

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| B | CFPB RIF Work | CFPB_03633 | | Email | CFPB RIF Work | Apr. 13, 2025 | Vought, Russell | Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | | Email reflecting request for confidential legal advice from counsel concerning RIF made in context of litigation. | AC/WP |
| C | Re:CFPB RIF Work | CFPB_03634 | | Email | CFPB RIF Work | Apr. 13, 2025 | Paoletta, Mark | Vought, Russell; Martinez, Adam; Gueye, Jafnar; *Paoletta, Mark; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley, Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | | Email reflecting request for confidential legal advice from counsel concerning RIF made in context of litigation. | AC/WP |
| D | Re: Activity in Case 1:25-cv-00381-ABJ National Treasury Employees Union v. Vought Order | CFPB_03671 | | Email | Current Litigation | Apr. 18, 2025 | Kliger, Gavin | *Paoletta, Mark | | Email with attachments reflecting confidential discussion of RIF and reflecting the advice of legal counsel in the context of the litigation | AC/WP |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| E | CFPB Statutory Functions/ RIF List | CFPB_03676 | | Email | CFPB Statutory Functions/ RIF List | | *Lewin, Jeremy | *Boizelle, Ashley; *Burnham, James; *Fox, Joshua; *Raynor, Austin | | Email with attachments reflecting confidential discusison of legal advice in the context of litigation. | AC/WP |
| 21 | Re: CFPB RIF Work | N/A | | Email | CFPB RIF Work | | Paoletta, Mark | Vought, Russell; Martinez, Adam; Gueye, Janfar; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley; Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, including discussions with counsel for CFPB and DOJ and seeking legal advice concerning that topic. | ACP; WP; DPP |

| 22 | CFPB RIF Work | N/A | | Email | CFPB RIF Work | Apr. 13, 2025 | Vought, Russell | Martinez, Adam;  *Paoletta, Mark; Gueye, Janfar; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley; Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Email reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, and seeking legal advice concerning that topic. | ACP; WP; DPP |
| 23 | Re: Privileged: | N/A | | Email | CFPB RIF Work | Apr. 17, 2025 | Martinez, Adam | *Dorfman, Victoria | | Email chain reflecting confidential legal discussion about RIF. | ACP |

| 24 | Re:CFPB RIF Work | N/A | | Email | CFPB RIF Work | Apr. 13, 2025 | *Paoletta, Mark | Martinez, Adam;  Vought, Russell; Gueye, Janfar; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley; Davis, Steven; *Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, including discussions with counsel for CFPB and DOJ and seeking legal advice concerning that topic. | DPP; ACP; WP |
| 25 | Fw: NTEU v. Vought Call with CFPB | N/A | | Email | Current Litigation | Apr. 21, 2025 | *McArthur, Eric | *Shapiro, Daniel; *Paoletta, Mark; *Dorfman, *Victoria; *Stallings, AnnaGrace; Martinez, Adam, Gueye, Jafnar | | Email chain reflecting confidential discussion between DOJ and CFPB concerning D.C. Circuit stay and reflecting legal advice. | ACP; WP |

| 26 | Re: CFPB RIF Work | N/A | | | Email | CFPB RIF Work | Apr. 21, 2025 | *Paoletta, Mark | Martinez, Adam;  Vought, Russell; Gueye, Janfar; *Shapiro, Daniel; *Dorfman, Victoria; *Boizelle, Ashley; Davis, Steven; Lewin, Jeremy; Kliger, Gavin; Chilbert, Christopher | Bishop, James | Redacted email chain reflecting confidential predecisional deliberations concerning potential RIF, discussion of the litigation, including discussions with counsel for CFPB and DOJ and seeking legal advice concerning that topic. | DPP; ACP; WP |
| 27 | Re: Time to Execute the RIF | N/A | | | Email | CFPB RIF | Apr. 15, 2025 | *Mascott, Jennifer | Vought, Rusell | *Warrington, David; *Paoletta, Mark | Email chain reflecting confidential predecisional deliberative communications with WHCO concerning potential RIF in context of litigation. | DPP; ACP; WP; PCP |

# EXHIBIT C

*National Treasury Employees Union v. Vought*, No. 1:25-cv-00381 (DDC) – Defendants' Third Privilege Log

| Doc # | File Name | BATES RANGE | PRODUC TION | DOC TYPE | SUBJECT | DATE | FROM | TO | CC | SUBJECT MATTER | PRIVILEGE ASSERTION |
|-------|-----------|-------------|-------------|----------|---------|------|------|----|----|----------------|---------------------|
| F | FW: Proposed CFPB RIF List | N/A | | Email | CFPB RIF Work | Apr. 13, 2025 | *Paoletta, Mark | Martinez, Adam | | Email chain reflecting predecisional deliberations concerning proposed RIF and prepared in consideration of litigation. | DPP; WP |