UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL VOUGHT *in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.*, <br><br> Defendants. | Civil Action No. 25-0381 (ABJ) |

## ORDER

On March 28, 2025, the Court issued a preliminary injunction, which is now on appeal. Order [Dkt. # 88]. The injunction contained multiple provisions, including provision (3), which provided, "Defendants shall not terminate any CFPB employee, except for cause related to the individual employee's performance or conduct; and defendants shall not issue any notice of reduction-in-force to any CFPB employee." *Id.*

On April 11, 2025, the Court of Appeals granted defendants' motion to stay the preliminary injunction pending appeal in part and denying it in part. *NTEU v. Vought*, No. 25-5091 (D.C. Cir. Apr. 11, 2025), Order [Dkt. # 2110720]. In granting the stay in part, it ordered, among other things, that "[p]rovision three (3) is stayed insofar as it prohibits defendants from terminating or issuing a notice of reduction in force to employees whom defendants have determined, after a particularized assessment, to be unnecessary to the performance of defendants' statutory duties." *Id.*

In the wake of that order, defendants promptly took steps to complete a reduction-in-force affecting 90% of the agency's employees, and on April 17, plaintiffs filed an emergency motion asking the Court to order defendants to show cause as to why they had not violated the preliminary injunction as stayed in part by the D.C. Circuit. Pls.' Mot. [Dkt. # 105]. The motion was deemed to be a motion to enforce the injunction, and on April 18, this Court issued an interim order suspending the RIF. Order [Dkt. # 113]. *See also* Minute Order (Apr. 19, 2025) (granting plaintiffs' motion to clarify the April 18 Order).

1

In their opposition to the motion to enforce, defendants asserted that "[p]laintiffs' arguments rest on fundamental misunderstandings of the D.C. Circuit's stay order. Plaintiffs suggest that the Court should conduct its own analysis of whether the RIF would interfere with the performance of CFPB statutory duties. But the stay order plainly requires *Defendants* – not this Court or Plaintiffs – to determine that employees subject to a RIF are unnecessary to the performance of CFPB's statutory duties. And the agency's Chief Legal Officer submits that he and two other attorneys have made that determination. . . . " Defs.' Opp. [Dkt. # 121] at 2 (internal citations omitted) (emphasis in original). However, it was the defendants who misunderstood what this Court was doing in response to plaintiffs' motion. It simply scheduled a hearing and froze the situation before employees were discharged and data was lost so that it could determine whether the defendants *in fact* engaged in the particularized assessment that the Order requires. And to make that determination, there was nothing in the law or in the stay order that required the Court to take the agency's word for it, especially after evidence to the contrary had been proffered.

Defendants promptly appealed again.

This afternoon, the Court of Appeals ordered, *sua sponte*, that its "stay order be modified in part to lift the partial stay of paragraph (3) of the preliminary injunction." *NTEU v. Vought*, No. 25-5091 (D.C. Cir. Apr. 28, 2025), Order [Dkt. # 2113309] at 2. This means that the March 28 ban on any reduction-in-force has been reinstated as originally issued. Under these circumstances, the RIF enjoined by this Court on April 18 cannot go forward at all; the Court of Appeals has ordered that "paragraph (3) of the preliminary injunction under review is now effective pending further order of this court." *Id.* Thus, in the Court's view, there is no need for the Court to determine whether the defendants complied with the terms of provision (3) as stayed in part.

Accordingly, it is **ORDERED** that: plaintiffs' motion to enforce the preliminary injunction [Dkt. # 105] is denied without prejudice as moot; the hearings set for April 29 and 30, 2025 are hereby vacated; provision (3) and all of the other provisions of the preliminary injunction that were left intact by the Circuit's Order of April 11 remain in force; the motion to compel the production of records [Dkt. # 134] will be held in abeyance until after the Court of Appeals rules on the validity of the preliminary injunction; and defendants' motion to stay proceedings pending final resolution of the appeal [Dkt. # 103] is granted insofar as the obligation to respond to the complaint is deferred. The Court will establish a schedule for further proceedings, as necessary, after the Court of Appeals has ruled.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: April 28, 2025