# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES
UNION, *et al.*,

               *Plaintiffs*,

   v.

RUSSELL VOUGHT, in his official capacity
as Acting Director of the Consumer Financial
Protection Bureau, *et al.*,

               *Defendants*.

Case No. 25-cv-381-ABJ

## PLAINTIFFS' MOTION TO CLARIFY

Plaintiffs National Treasury Employees' Union, National Consumer Law Center, National Association for the Advancement of Colored People, Virginia Poverty Law Center, Ted Steege, and the CFPB Employee Association respectfully move for clarification of the defendants' obligations under this Court's March 28, 2025, preliminary injunction. *See* Order, ECF No. 88.

On November 10, the defendants notified the Court that the CFPB "anticipates … exhausting its currently available funds in early 2026," and that they refuse to request additional funding from the Federal Reserve to ensure the Bureau's continued operation in compliance with this Court's preliminary injunction. *See* ECF No. 145. The notice is based on a novel interpretation of the statute governing the Bureau's funding that neither the CFPB, the Federal Reserve, nor any court has ever adopted. The Federal Reserve has billions of dollars in "combined earnings," so there is no basis for the defendants' assertion that it lacks "earnings" to fund the CFPB.  The plaintiffs therefore seek this Court's clarification that the defendants may not justify a violation of the preliminary injunction by refusing to request that funding.

Because the defendants have announced that they intend to stop complying with the Court's injunction, clarification is appropriate. *See United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168–69 (D.D.C. 2011) (noting that clarification may be necessary where a party "ask[s] the Court to construe the scope of its Order by applying it in a concrete context or particular factual situation").

For the reasons outlined in the accompanying memorandum, the Court should grant this motion. A proposed order is attached.

November 23, 2025

Respectfully submitted,

*/s/ Jennifer D. Bennett*
Jennifer D. Bennett (*pro hac vice*)
Gupta Wessler LLP
235 Montgomery Street, Suite 629
San Francisco, CA 94104
(415) 573-0336

Deepak Gupta (DC Bar No. 495451)
Robert Friedman (D.C. Bar. No. 1046738)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Stephanie Garlock (D.C. Bar No. 1779629)
Wendy Liu (DC Bar No. 1600942)
Adina H. Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Paras N. Shah (DC Bar No. 983881)

*General Counsel*
Allison C. Giles (DC Bar No. 439705)
*Assistant Counsel*
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for NTEU*