IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES UNION, *et al.*,

      *Plaintiffs*,

  v.

RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,

      *Defendants*.

Case No. 25-cv-381-ABJ

**PLAINTIFFS' RESPONSE TO THE COURT'S NOVEMBER 24, 2025 ORDER**

In response to this Court's November 24, 2025 Order, the plaintiffs respectfully submit that the Court's preliminary injunction, as modified by the D.C. Circuit's orders of April 11 and 28, remains in full effect because no mandate has issued from the D.C. Circuit.

**1.** "A court of appeals' judgment or order is not final until issuance of the mandate." Fed. R. App. P. 41 advisory comm. notes to 1998 amend.; *see Uline v. Uline*, 205 F.2d 870, 872 (D.C. Cir. 1953). The rule is no different when "the mandate [is] stayed by a timely petition for rehearing." 16AA *Wright & Miller's Federal Practice & Procedure* § 3987 (5th ed. 2025). And until the court of appeals' mandate has issued, the appeal is still pending, and "[t]he judgment of the District Court is still in effect." *Uline*, 205 F.2d at 872; *see Merrimack River Sav. Bank v. City of Clay Ctr.*, 219 U.S. 527, 536 (1911) (district court's order remains in force until mandate issues, and if violated, may subject violator to contempt); *Block v. N. Side Lumber Co.*, 473 U.S. 1307, 1307 (1985) (Rehnquist, J., in chambers) (stay of mandate leaves injunction in place).

Under these settled principles, this Court's preliminary injunction is still in force. When the D.C. Circuit panel issued its opinion, it also directed "that the Clerk withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc." Clerk's Order, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. Aug. 15, 2025). The plaintiffs filed a timely petition for rehearing en banc, which is still pending. *See* Pet. Reh'g En Banc, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. Sept. 29, 2025). Thus, the mandate never issued, the panel's decision is not final, and this Court's order (as modified by the D.C. Circuit's orders of April 11 and 28) remains in effect. Indeed, that is why the defendants filed their "notice" and "acknowledge[d] this Court's injunction, which restricts the agency's conduct regarding employment, contracting, and facilities, among other things, remains in effect." ECF 145 at 2. This Court therefore has authority to clarify the scope of its order and, if it is violated, to enforce it. *See, e.g.*, *In re Grand Jury Subpoena No. 7409*, 2018 WL 8334866, at *2 (D.D.C. Oct. 5, 2018), *aff'd sub nom. In re Grand Jury Subpoena*, 749 F. App'x 1 (D.C. Cir. 2018) (collecting cases demonstrating that "[t]he precedent is voluminous and convincing" that, "absent a stay," a district court has "jurisdiction to enforce its orders pending appeal"); *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013) (district courts have "power to clarify [an] injunction" that is on appeal "to supervise compliance" with that injunction); *see also Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 565–66 (7th Cir. 2000) ("A judge may— and should—enforce an un-stayed injunction while an appeal proceeds.").

**2.** As a practical matter, that means that the following provisions of the Court's order, which have never been modified, remain in full effect, and this Court has power to clarify and enforce them:

**Paragraph 1:** Defendants, shall maintain and shall not delete, destroy, remove, or impair any data or other CFPB records covered by the Federal Records Act (hereafter "agency data") except in accordance with the procedures described in 44 U.S.C. Chapter 33. This means that Defendants shall maintain and shall not delete, destroy, remove, or impair agency data from any database or information system controlled by, or stored on behalf of, the CFPB. The term "agency data" includes any data or CFPB records stored on the CFPB's premises, on physical media, on a cloud server, or otherwise. The defendants must take all necessary steps to ensure that its contractors do the same.

**Paragraph 5:** To ensure that employees can perform their statutorily mandated functions, the defendants must provide them with either fully-equipped office space, or permission to work remotely and laptop computers that are enabled to connect securely to the agency server through the Citrix Virtual Desktop or another similar program.

**Paragraph 6:** Defendants shall ensure that in accordance with 12 U.S.C. §5492(b)(3), the CFPB Office of Consumer Response continues to maintain a single, toll-free telephone number, a website, and a database for the centralized collection of consumer complaints regarding consumer financial products and services, and that it continues to monitor and respond to those complaints, including by providing Elevated Case Management.

**Paragraph 7:** Defendants shall rescind all notices of contract termination issued on or after February 11, 2025, and they may not reinitiate the wholesale cancellation of contracts. This provision does not prohibit the defendants from ordering that work or services under specific contracts be halted based on an individualized assessment that the contract involved is unnecessary for the agency to fulfill its statutory functions. To ensure that this

      Court can award full relief at the end of the case, however, the defendants may not finalize the termination of any contract.

ECF 88 at 2–3. In addition, two other provisions of this Court's order remain in effect as modified by the court of appeals. First, paragraph 2, which required the reinstatement of probationary and term employees, remains in effect except "insofar as it requires defendants to reinstate employees whom defendants have determined, after an individualized assessment, to be unnecessary to the performance of defendants' statutory duties." Stay Order at 1, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. Apr. 11, 2025) (per curiam). Second, paragraph 4 remains in effect, subject to the D.C. Circuit's interpretation that it "allow[s] work stoppages that defendants have determined, after a particularized assessment, would not interfere with the performance of defendants' statutory duties." *Id.* at 1–2.

November 26, 2025                                                                     Respectfully submitted,

                                                                             */s/ Jennifer D. Bennett*
Jennifer D. Bennett (*pro hac vice*)
Gupta Wessler LLP
235 Montgomery Street, Suite 629
San Francisco, CA 94104
(415) 573-0336

Deepak Gupta (DC Bar No. 495451)
Robert Friedman (DC Bar. No. 1046738)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Stephanie Garlock (DC Bar No. 1779629)
Wendy Liu (DC Bar No. 1600942)
Adina H. Rosenbaum (DC Bar No. 490928)

Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Paras N. Shah (DC Bar No. 983881)
*General Counsel*
Allison C. Giles (DC Bar No. 439705)
*Assistant Counsel*
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for NTEU*