UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00381-ABJ |

**DEFENDANTS' RESPONSE TO THE COURT'S NOVEMBER 24, 2025 ORDER**

In response to the Court's November 24 Minute Order "directing the parties to submit filings by 11/26/2025 identifying the provisions of this Court's preliminary injunction that they believe remain in force and addressing this Court's authority to enforce those provisions, given the D.C. Circuit's opinion of August 15, 2025, and the pending petition for rehearing en banc," Defendants respectfully submit the following response.

Because the petition for rehearing en banc remains pending, the D.C. Circuit has not yet issued its mandate. *See* Fed. R. App. P. 41(b). Accordingly, the preliminary injunction remains in effect as partially stayed and clarified by the D.C. Circuit. *See, e.g.*, *Glob. Health Council v. Trump*, No. 25-5097, 2025 WL 2429482, at *1 (D.C. Cir. Aug. 20, 2025) (en banc) (per curiam) ("Because this court's mandate has not yet issued, the preliminary injunction … remains in effect.").

Provisions 1, 3, 5, 6, and 7 of this Court's preliminary injunction, Dkt. 88, are currently unstayed and in effect. *See* Order, No. 25-5091 (D.C. Cir. Apr. 11, 2025) (partially staying the injunction with respect to provisions 2, 3, 4, and 8); Order, No. 25-5091 (D.C. Cir. Apr. 28, 2025) (modifying partial stay to reinstate Provision 3).

Provisions 2 and 4 remain in effect as modified or clarified by the D.C. Circuit. *See* Order,

No. 25-5091 (D.C. Cir. April 11, 2025).

Provision 2 provides: "Defendants shall reinstate all probationary and term employees terminated between February 10, 2025 and the date of this order, including but not limited to, Julia Barnard, the Private Student Loan Ombudsman." Dkt. 88, at 2. The D.C. Circuit directed that this provision "is stayed insofar as it requires defendants to reinstate employees whom defendants have determined, after an individualized assessment, to be unnecessary to the performance of defendants' statutory duties." Order, No. 25-5091 (D.C. Cir. April 11, 2025).

Provision 4 provides: "Defendants shall not enforce the February 10, 2025 stop-work order or require employees to take administrative leave in furtherance of that order, and defendants shall not reinstitute or seek to achieve the outcome of a work stoppage, whether through a stop-work order, an order directing employees to take administrative leave, or any other means." Dkt. 88, at 2. The D.C. Circuit specified: "The court understands provision four (4) to allow work stoppages that defendants have determined, after a particularized assessment, would not interfere with the performance of defendants' statutory duties. On that understanding, provision four (4) remains in effect." Order, No. 25-5091 (D.C. Cir. April 11, 2025).

Provision 8 of this Court's preliminary injunction, Dkt. 88, has been stayed by the D.C. Circuit. *See id.*

Although the D.C. Circuit's vacatur of the preliminary injunction has not yet gone into effect, the court of appeals' opinion explaining why vacatur is required should be a significant factor in how this Court interprets and considers enforcement of that injunction. District courts have significant "discretion when interpreting their orders and assessing 'whether an injunction has been violated.'" *Potter v. D.C.*, 126 F.4th 720, 723 (D.C. Cir. 2025) (citation omitted). When the D.C. Circuit's "opinion was released it became the law of this circuit" regardless of the "[s]tay of the mandate." *Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring); *see, e.g.*, *Wisdom v. Intrepid Sea-Air Space Museum*, 993 F.2d 5, 7 (2d Cir. 1993). Thus, under binding circuit precedent, plaintiffs' claims underlying the preliminary injunction "fail as a matter of law." *Nat'l Treasury Emps. Union v. Vought*, 149 F.4th 762, 794

(D.C. Cir. 2025). Similarly, the D.C. Circuit warned that district courts are not "'roving commissions' assigned to pass on how well federal agencies are satisfying their statutory obligations," and "may intervene only when a specific unlawful action harms the plaintiff, and only to the extent necessary to set aside that action." *Id.* at 780–81.

    This Court should take into account such precedent when exercising its discretion to interpret its injunction and determine whether any action might violate it. In particular, the Court should interpret the injunction narrowly to achieve the limited effect of temporarily remedying the early 2025 actions the Court found occurred and were unlawful, rather than as addressing separate questions regarding whether Congress has appropriated sufficient funds for the Bureau to discharge all its obligations under statute or court order throughout 2026.

Dated: November 26, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
Special Counsel

LIAM C. HOLLAND
Trial Attorney
Federal Programs Branch

*/s/ Charles E.T. Roberts*
CHARLES E.T. ROBERTS
Counsel
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20005
Tel.: (202) 305-1141
Fax: (202) 616-8470
E-mail: Charles.Roberts2@usdoj.gov

*Attorneys for Defendants*