UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*,<br><br>           *Plaintiffs*,<br>     v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*,<br><br>           *Defendants*. | Case No. 25-cv-381-ABJ |

**RESPONSE TO DEFENDANTS' DECEMBER 16, 2025, NOTICE
& NOTICE OF REHEARING EN BANC**

The plaintiffs file this notice to briefly respond to the defendants' December 16, 2025, notice and to inform the Court that today, the D.C. Circuit vacated the panel decision and granted rehearing en banc in the defendants' appeal of this Court's preliminary injunction.

**1.** More than a month after telling this Court that there are no funds available to keep the CFPB running, the defendants have—apparently for the first time—asked the Fed whether there are, or soon will be, "'combined earnings' for purposes of § 5497(a) as that term is defined in the OLC Opinion." ECF 164-1. But the defendants still have not denied that they plan to furlough employees by the end of the year. *See* Pls. Mem. 1. And their letter to the Fed does not request an answer by a specific date. Nor have the defendants provided any commitment that, if the Fed confirms that there are "combined earnings" even on the defendants' novel interpretation of that phrase, they will timely request those funds (as opposed to offer some new theory for why they cannot do so). The defendants also have not explained what they will do if the Fed responds that it interprets "combined earnings" to mean what it has always meant—everything the Fed earns— and provides an answer only under that interpretation.

As it stands therefore, the defendants have provided no reason why this Court should delay in assessing the motion to clarify.

**2.** Today, the D.C. Circuit vacated the panel decision and granted rehearing en banc in the defendants' appeal of this Court's preliminary injunction. *See* Ex. A. This Court's preliminary injunction, as modified by the panel, remains in place. *See id.*

Dated: December 17, 2025

Respectfully submitted,

*/s/ Jennifer D. Bennett*
Jennifer D. Bennett (*pro hac vice*)
Gupta Wessler LLP
235 Montgomery Street, Suite 629
San Francisco, CA 94104
(415) 573-0336

Deepak Gupta (DC Bar No. 495451)
Robert Friedman (DC Bar. No. 1046738)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

*Counsel for Plaintiffs*

Paras N. Shah (DC Bar No. 983881)
*General Counsel*
Allison C. Giles (DC Bar No. 439705)
*Assistant Counsel*
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for NTEU*

# Exhibit A

# United States Court of Appeals
## For The District of Columbia Circuit

_____

**No. 25-5091**  **September Term, 2025**

1:25-cv-00381-ABJ

**Filed On:** December 17, 2025

National Treasury Employees Union, et al.,

    Appellees

  v.

Russell T. Vought, in his official capacity as Acting Director of the Consumer Financial Protection Bureau and Consumer Financial Protection Bureau,

    Appellants

    **BEFORE:** Srinivasan, Chief Judge, and Henderson, Millett, Pillard, Wilkins, Katsas, Rao, Walker, Childs, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the petition for rehearing en banc and the response thereto; the motions for invitation to file amicus curiae briefs in support of rehearing en banc filed by the Constitutional Accountability Center, the 41 nonprofit organizations, and the 36 members of Congress; the lodged briefs; the letters; and the vote in favor of the petition by a majority of the judges eligible to participate, it is

**ORDERED** that the motions for invitation to file amicus curiae briefs be granted. The Clerk is directed to file the lodged amicus briefs.  It is

**FURTHER ORDERED** that the petition be granted.  This case will be reheard by the court sitting en banc.  It is

**FURTHER ORDERED** that the court's judgment filed August 15, 2025, be vacated.  The partial stay pending appeal entered on April 11, 2025, and later modified on April 28, 2025, is in effect.  It is

**FURTHER ORDERED** that oral argument before the en banc court be heard at 2:00 p.m. on Tuesday, February 24, 2026, in Courtroom 20.  It is

**FURTHER ORDERED** that, in addition to filing briefs electronically, the parties file 30 paper copies of each of the briefs and the appendix, in accordance with the following schedule:

| | |
|---|---|
| Brief for Appellants | January 9, 2026 |
| Joint Appendix | January 9, 2026 |
| Brief(s) for Amici Curiae in support of Appellants | January 16, 2026 |
| Brief for Appellees | February 2, 2026 |
| Brief(s) for Amici Curiae in support of Appellees | February 9, 2026 |
| Reply Brief for Appellants | February 17, 2026 |

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's Office on the due date. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the cases are scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

Because the briefing schedule is keyed to the date of argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons.

A separate order will issue regarding allocation of argument time.

**Per Curiam**

                                        **FOR THE COURT:**
                                        Clifton B. Cislak, Clerk

                        BY:    /s/
                                        Michael C. McGrail
                                        Deputy Clerk